UNITED STATES

v.

**Jeffrey Lynn JOHNSON, 529 11 1725, Airman Apprentice (E–2), U. S. Navy.**

**NCM 79 1807.**

U. S. Navy Court of Military Review.

Sentence Adjudged 7 March 1979.

Decided 28 Feb. 1980.

LCDR Stephen C. Baker, JAGC, USN, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before CEDARBURG, Senior Judge, and FERRELL and DONOVAN, JJ.

DONOVAN, Judge:

Contrary to pleas, appellant was convicted of three periods of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. § 886, by a special court-martial composed of members. Pursuant to his written request, the membership had been expanded to include enlisted members, senior in grade to appellant, in sufficient numbers so that, following challenges, at least one-third of the members were enlisted. Article 25(c), UCMJ, 10 U.S.C.A. § 825(c); paragraphs 4c, 61h and 62h(4), *Manual for Courts-Martial, 1969 (Rev.)* (MCM).

Neither the quantum of punishment nor the field review concerns us as appellant's sole alleged error attacks the jurisdiction of the court for failure of the convening order to identify the enlisted members' units on the face of the convening order, contrary to *Manual for Courts-Martial* guidance. The trial defense counsel had unsuccessfully

moved for a dismissal, following sentence, on this same ground.

Article 25(c)(1), UCMJ, limits eligibility of enlisted persons as court members to those who are "not a member of the same unit as the accused". Article 25(c)(2), UCMJ, defines the word "unit" and thereby forecloses membership to any enlisted persons serving in an accused's "company, squadron, ship's crew, or body corresponding to one of them." Subparagraphs 4b and c, MCM, discuss an accused's rights in this regard and further clarify the term "unit" as it applies to the several services. A recitation of the enlisted members' unit designations is not therein mandated.

Paragraph 36b, MCM, specifically addresses the form and content of convening orders. It recites in part that "If enlisted persons are detailed as members of the court, the unit—company, squadron, ship's crew, or corresponding body—of which each is a member is shown . . . ." Suggested formats set out in Appendix 4 to the *Manual for Courts-Martial* contain three Notes applicable in the instant case. Note 4 to Appendix 4, MCM, states that "The further identification of the officer members of the court . . . by service number, organization, etc., will be as prescribed in regulations of the Secretary of a Department or as is customary in the particular service." Note 8 thereof recites "When an enlisted person has requested enlisted members on the court which tries him, the following may be used . . . . The text of such a convening order . . . might read as follows . . .;" the appendix goes on to show a hypothetically named enlisted person and his military organization in abbreviated tactical form without geographical location or mailing address. Note 10 of Appendix 4, MCM, does, however, state that the order "detailing enlisted persons as members of a general court-martial must show the *unit* to which each is assigned." Paragraph b of Appendix 4 notes that special court-martial convening orders should be prepared the "[s]ame as for general court-martial . . . ."

The Court of Military Appeals has stated that "[a] court-martial is a creature of an order promulgated by an authorized commander . . . which convenes . . . the court-martial entity . . . if there is a fundamental defect in that order, the very document itself is negated and no court exists." *United States v. Ryan*, 5 M.J. 97, 101 (C.M.A.1978). Therein the High Court reasoned that review looks not merely to whether an accused was prejudiced but "whether the jurisdiction of the court survived the defect." *Id.* at 101. That Court also indicated, however, that not every membership error is necessarily jurisdictional in nature. *See also United States v. Colon*, 6 M.J. 73 (C.M.A.1978).

The record reflects that the military judge, in his *voir dire* of the members, advised them that they were disqualified to sit "if you are an enlisted member and belong to the same unit as the accused." (R.21). Prior to this, the members had been provided a copy of the Charge and specifications which showed appellant's unit. Appellate Exhibits II–C, II–D and II–E are members questionnaires which had been completed by the enlisted members prior to assembly. The prospective enlisted members had thereon filled in their unit designation in the block provided; we note that they all belonged to the same unit and that it is a distinctly separate unit from appellant's. Moreover, the military judge elicited from the three enlisted members that they were all assigned to the Fleet Training Center. (R.24). Lastly, each replied negatively to any known disqualification. (R.32–3).

One reason behind the *Manual* rule that an enlisted member's unit designation is to be shown on the convening order is that the participants may rely on the official pronouncement of the convening authority that no Article 25(c)(1) ineligibility exists. Such facial regularity would not of course foreclose *voir dire* to discover, *inter alia*, bias arising from prior service in an accused's unit, personal knowledge, command pressure or any number of other vari-

ous potential bases of partiality. The convening order here was defective in not stating the unit; but the defect was not "fundamental", *United States v. Ryan, supra,* as jurisdictional eligibility survived and was conclusively established. *See United States v. Perry,* 20 C.M.R. 562 (C.G.C.M.R.1955). The posture of this case is therefore far stronger than that which this Court endorsed in *United States v. Bailey,* No. 76 0786 (N.C.M.R. 30 December 1976).

We therefore reject the alleged error and affirm the findings and sentence as approved on review below.

Chief Judge CEDARBURG and Judge FERRELL concur.