**UNITED STATES**

v.

**Perry A. BURNS, 239 11 2286, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 79 0763.**

U. S. Navy Court of Military Review.

29 May 1980.

LCDR Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LT Joseph G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and MICHEL, JJ.

BAUM, Senior Judge:

Appellant has assigned four errors before this Court. The first assignment challenges the jurisdiction of the court-martial "in that its members were not selected by a person competent to do so under *United States v. Ryan*, 5 M.J. 97 (C.M.A.1979)." We disagree and expressly find that there was proper jurisdiction in the instant court-martial. In his second assignment appellant asserts that the evidence is insufficient to support a conviction of the rape charge beyond a reasonable doubt. This assignment is also rejected; viewed in a light most favorable to the Government, *see* paragraph 71*a, Manual for Courts-Martial, 1969 (Rev.)*, the evidence would have been sufficient to sustain a conviction if appropriate instructional guidelines were provided to the court members. We find, however, that the instructions to the court were fatally deficient as outlined in assignment of error III. This error requires reversal, rendering it unnecessary to address the fourth assignment.

Appellant, contrary to his pleas of not guilty, was convicted by general court-martial of rape in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. A second offense of abandoning his post was disapproved and dismissed by the convening authority so that the rape charge is the only conviction before this Court for review. At trial, appellant acknowledged having sexual intercourse with the alleged victim at the time and place alleged but denied that it was against her will, asserting, instead, that she freely consented to his actions. The alleged victim, on the other hand, contended that appellant entered her car without invitation and, over her strong verbal protestations, removed her pants and had intercourse with her by force and against her will.

The *Manual for Courts-Martial, 1969 (Rev.)*, in paragraph 199, discusses this critical aspect of the offense of rape as follows:

Force and lack of consent are indispensable to the offense. Thus, if the female consents to the act, it is not rape. The lack of consent required, however, is more than mere lack of acquiescence. If a woman in possession of her mental and physical faculties fails to make her lack of consent reasonably manifest by taking such measures of resistance as are called for by the circumstances, the inference may be drawn that she did in fact consent. Consent, however, will not be inferred if resistance would be futile, or where resistance is overcome by threats of death or great bodily harm, nor will it be inferred if she is unable to resist because of the lack of mental or physical faculties. In such a case there is no consent and the force involved in the act of penetration will suffice. All the surrounding circumstances are to be considered in determining whether a woman gave her consent, or whether she failed or ceased to resist only because of a reasonable fear of death or grievous bodily harm.

This was a change from the language of paragraph 199 in the *Manual for Courts-Martial, 1951*, which read as follows:

*Discussion.* This article defines rape as the commission of an act of sexual intercourse by a person with a female not his wife, by force and without her consent. It may be committed on a female of any age. Force and want of consent are indispensable to the offense, but the force involved in the act of penetration will suffice if there is no consent. Any penetration, however slight, is sufficient to complete the offense (Art. 120*c*).

Mere verbal protestations and a pretense of resistance are not sufficient to show want of consent and if a woman fails to take such measures to frustrate the execution of a man's design as she is able to take and are called for by the circumstances, the inference may be drawn that she did in fact consent. All

the surrounding circumstances are to be considered in determining whether a woman gave her consent, or whether she failed or ceased to resist only because of a reasonable fear of death or grievous bodily harm.

■ The deletion in the current *Manual* of the language stating that "[m]ere verbal protestations and a pretense of resistance are not sufficient to show want of consent" may have convinced the military judge that the law had been changed in this regard, for he instructed the court members, over vigorous objection by the defense, "that verbal protestations are such to show lack of consent." We believe he erred in this instruction. In our view, the law with respect to this matter has not been changed by the omission in the 1969 *Manual* of the quoted language of the 1951 *Manual.* The *Analysis of Contents of the Manual for Courts-Martial, United States 1969, Revised Edition*, reveals that it was not the intent of the drafters to change the law in this regard. We believe appellant is correct in his assertion that "the only time that mere verbal protestations are sufficient as a matter of law is in the presence of threats of serious or fatal injury or under circumstances where any and all resistance is either impossible or pointless." It is a fact finding function of the court members, with appropriate guidance from the judge, to determine whether there were such threats or whether under the circumstances resistance was either impossible or pointless, assuming there is some evidence of record on which such factual conclusions could be based. Here, the judge's instruction, "that verbal protestations are such to show lack of consent," was either an outright misstatement of the law or it reflected a factual determination by the judge rather than by the court members that the criteria had been met for verbal protestations alone to suffice. In either event, it was wrong to give such an instruction. Accordingly, we agree with appellant's assertion that the judge's instruction was erroneous as a matter of law.

■ We also agree with appellant's second point, that the instruction on consent failed to deal adequately with the evidence presented. The complete instruction given by the military judge with respect to consent was as follows:

Now, gentlemen, force and lack of consent are indispensable to the offense of rape. The court is further advised that verbal protestations are such to show lack of consent. The victim of an alleged rape must have taken such measures as are appropriate under the circumstances to frustrate the execution of her assailant's design.

All of the surrounding circumstances must be considered in reaching a determination of whether or not consent was given.

Also, gentlemen, you are further advised that if a woman submitted because of threats of death or personal injury, the act of sexual intercourse would be done by force and not by consent. You are also advised that submission by a victim is not equal to consent.

No attempt was made to tailor the instructions to the evidence. Such was particularly harmful in this case because there was no evidence of explicit threats of violence or overt acts by the accused which indicate that resistance was either impossible or pointless. Instead, we have only the testimony of the alleged victim of her subjective fear that she was in danger of receiving serious or fatal injury. Tailoring the instructions to the evidence was absolutely essential in this case if the instructions were to provide meaningful guidance to the members. The failure in this regard, when coupled with the erroneous instruction concerning verbal protestations, left the court without the proper guidance for making the necessary findings of fact.

In view of the foregoing, the findings of guilty and sentence are set aside. The record is returned for a rehearing, if deemed practicable.

Judge PRICE and Judge MICHEL concur.