512

**UNITED STATES**

v.

**Wayne R. EMERSON, 449 15 2367, Aircrew Survival Equipmentman Airman Recruit (E–1), U. S. Navy.**

**NMCM 81 1183.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 4 Nov. 1980.

Decided 27 Aug. 1981.

Before BAUM, ABERNATHY and KERCHEVAL, JJ.

BAUM, Senior Judge.

Appellant has assigned one error before this Court, that:

THE COURT–MARTIAL WAS JURISDICTIONALLY DEFECTIVE BECAUSE IT INCLUDED A COURT MEMBER NOT FROM THE NAVAL SERVICE.

The convening order for appellant's special court-martial appointed five officer-members, four from the U. S. Navy and U. S. Naval Reserve and one from the U. S. Coast Guard. Appellant argues that "[t]he record does not even hint, let alone show, that authority to appoint a Coast Guard officer was sought or obtained [pursuant to the requirements of paragraph 4g(3), *Manual for Courts-Martial, 1969 (Rev.)* ]." He thus concludes that the appointment of a Coast Guard officer to the Navy court-martial in issue was without authority. Then, relying on *United States v. Houston*, 17 U.S.C.M.A. 280, 38 C.M.R. 78 (1967), and *United States v. Ryan*, 5 M.J. 97 (1978), appellant asserts that the court below was without jurisdiction to try him, even though he chose to be tried by judge alone.

■ Government counsel, on the other hand, argues that, although the record does not reflect compliance with regularity requirements in the appointment of the Coast Guard officer, "[i]t is the settled rule that all necessary prerequisites to the validity of official actions are presumed to have been complied with...." Normally such a presumption would obtain. "Courts have long indulged in the legal presumption of regularity in the conduct of governmental affairs.... In the absence of a showing to the contrary, this court must presume that ... officials carry out their administrative affairs in accordance with regulations...." *United States v. Masusock*, 1 U.S.C.M.A. 32, 35, 1 C.M.R. 32, 35 (1951). In this case, however, since the asserted defect is arguably intrinsic to the jurisdiction of the court, we cannot rely on the presumption of regularity to find such jurisdiction.

In *United States v. Bancroft*, 3 U.S. C.M.A. 3, 8, 11 C.M.R. 3, 8 (1953), the Court of Military Appeals stated:

> In approaching a consideration of the jurisdiction of the special court-martial over this particular offense, a few of the fundamental rules governing courts-martial should be mentioned. It has long been settled that they are of limited jurisdiction. No presumption in favor of their exercise of jurisdiction is permissible. To give effect to their findings and sentence it must be made to appear affirmatively that the court was legally constituted and that it had jurisdiction of the offense.

In light of *Bancroft*, we will not presume that the appointment of the Coast Guard officer was in accord with regulations and we will treat that member as disqualified. This leaves four lawfully appointed members of the court-martial, one in excess of the minimum three required for a special court-martial. Article 16, Uniform Code of Military Justice, 10 U.S.C.A. § 816. Appellant argues that under the circumstances, *United States v. Ryan, supra,* requires us to find the court-martial to be jurisdictionally defective. We do not read *Ryan* as requiring such a holding in the instant case, since we have here a validly appointed court composed of a judge and four members, as opposed to the lack of the requisite number of properly appointed members in *Ryan.*

Thus, there was in this instance a court-martial, composed of both judge and members, with jurisdiction over the case, when appellant chose to proceed with trial by judge alone. Accordingly, the assignment of error is rejected.

The findings of guilty and sentence approved below are affirmed.

Judges ABERNATHY and KERCHEVAL concur.