**UNITED STATES**

v.

**Dennis A. BRASWELL, 411 15 3606, Private (E–1), U.S. Marine Corps.**

**NMCM 81 3128.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 13 Feb. 1981.

Decided 26 Oct. 1982.

886

LCDR Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

MALONE, Judge:

At a special court-martial consisting of the military judge sitting alone, appellant was convicted contrary to his pleas of three specifications of disobeying the orders of superior noncommissioned officers and one specification of disrespect, each in violation of Article 91, Uniform Code of Military Justice (UCMJ) 10 U.S.C. § 891. He was acquitted of the offense of behaving with disrespect to a superior commissioned officer in violation of Article 89, UCMJ 10 U.S.C. § 889. Appellant was sentenced to four months confinement at hard labor, forfeitures of $200.00 per month for four months, and to be discharged with a bad-conduct discharge.

From his conviction and sentence, appellant appeals, assigning as error for this Court's consideration the following issues:

I

SINCE THE COMBINATION OF PRE-TRIAL AND ADJUDGED CONFINEMENT IS GREATER THAN THE MAXIMUM CONFINEMENT AUTHORIZED AS PUNISHMENT AT A SPECIAL COURT-MARTIAL, THE CONVENING AND SUPERVISORY AUTHORITIES, IN VIEW OF THEIR DUTY TO APPROVE ONLY AN APPROPRIATE SENTENCE, ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY FAILING TO TAKE CORRECTIVE ACTION.

## II

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY PERMITTING TRIAL COUNSEL TO IMPEACH THE APPELLANT'S CHARACTER FOR TRUTHFULNESS BY ELICITING FROM THE GOVERNMENT'S OWN WITNESS SPECIFIC INSTANCES OF MISCONDUCT WHERE THE APPELLANT HAD BEEN "SOMEWHAT LESS THAN RELIABLE." (R. 72–74). RULE 608(b) MILITARY RULES OF EVIDENCE.

## III

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING INTO EVIDENCE IN AGGRAVATION, OVER DEFENSE OBJECTION, PROSECUTION EXHIBITS 8 AND 9, SINCE PROSECUTION EXHIBIT 8, WHICH PURPORTS TO BE AN ACKNOWLEDGEMENT OF RIGHTS FOR THE SUMMERY [sic] COURT–MARTIAL DESCRIBED IN PROSECUTION EXHIBIT 9, IS SELF–CONTRADICTORY AND IMPROPERLY COMPLETED ON ITS FACE (R. 80). *UNITED STATES V. BOOKER,* 5 M.J. 238 (C.M.A.1977).

## IV

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING INTO EVIDENCE IN AGGRAVATION, OVER DEFENSE OBJECTION, PROSECUTION EXHIBIT 6, WHICH STATES APPELLANT WAS VERBALLY ADMONISHED FOR BEING DISRESPECTFUL TO SSGT AUGUSTINE, SINCE THERE WAS NOT COMPLIANCE WITH ARTICLE 1110, U.S. NAVY REGULATIONS.

## V

THE COURT–MARTIAL LACKED AUTHORITY TO PROCEED SINCE THIS WAS A NEW TRIAL BECAUSE THE ORIGINAL PROCEEDINGS WERE INVALID FOR LACK OF JURISDICTION, YET THIS CASE WAS REFERRED TO A COURT–MARTIAL COMPOSED OF THE SAME MEMBERS AS THE ORIGINAL COURT–MARTIAL (R. 7–16). *SEE* 92b, *MANUAL FOR COURTS–MARTIAL, 1969 (REV.), UNITED STATES V. RYAN,* 5 M.J. 97 (C.M.A. 1978).

## I

■ This assignment of error is without merit. *United States v. Petrosian,* 13 M.J. 695 (N.M.C.M.R.1982); *Hart v. Kurth,* 5 M.J. 932 (N.C.M.R.1978).

## II

At trial, the accused testified in detail as to how he spent his day on Friday, 28 November 1980, the day on which it was alleged he had committed four of the five offenses with which he was charged. In brief, he claimed to have been at locations other than the site of the alleged offenses. He denied having any contact with the relevant persons at the relevant times on that day. Essentially, his defense was one of uncorroborated alibi, despite testimony of two witnesses offered for that purpose.

A third defense witness presented evidence intended to give cause to believe members of appellant's command were possessed of a personal bias against Private Braswell. This witness had recently been a member of an administrative discharge board convened to consider appellant's retention *vel non* in the Marine Corps at which the accused's battalion commander, two lieutenants and a staff sergeant had testified against the accused. The board reportedly was of the opinion Private Braswell was being "railroaded." Attempts to elicit other evidence of this bias had been less successfully made by the defense during cross-examination of Government witnesses, focusing particularly on the conduct of a Staff Sergeant Simoes.

After the defense rested, the Government offered the testimony of Staff Sergeant

Simoes in rebuttal. After proper foundation was laid, he testified as to his low regard for the accused's character for truthfulness. Such opinion testimony is permissible within the parameters of Rule 608(a), Military Rules of Evidence (MRE). When trial counsel attempted to elicit from this witness specific instances wherein the accused had proven himself untruthful, the objections of defense counsel were properly sustained.

Defense counsel then proceeded to cross-examine Staff Sergeant Simoes, suggesting by his questions both that the witness had taken a personal interest in seeing appellant discharged and that his testimony was influenced by the command's purported desire to discharge appellant. Faced with a hostile witness, defense counsel was not very successful in this regard, as is apparent from the following colloquy:

Q. Now, you would like to see BRASWELL get convicted at this trial very much today, wouldn't you?

A. If he is guilty, sir.

Q. In November, BRASWELL had another trial, didn't he?

A. Yes, sir.

Q. And, isn't it a fact that you were very disappointed when he was found not guilty at that trial?

A. The court found him not guilty. That's all that matters, sir.

Q. You didn't take it personally?

A. No, sir.

Q. Well, then why were you up five days after the court testifying in an administrative discharge board?

A. I was ordered to, sir.

Q. At one point after BRASWELL returned to your company, you got all the NCO's together and talked about BRASWELL, didn't you?

A. I gave them specific instructions concerning what to do if Private BRASWELL was in the barracks, sir.

Q. Isn't it a fact that your battery commander was very upset when BRASWELL got acquitted in his last trial?

A. I don't know, sir.

     \*     \*     \*     \*     \*     \*

Q. Did you view the outcome of the administrative discharge board as some kind of personal attack on yourself?

A. No, sir.

Q. But, your battery commander did, didn't he?

A. No, sir.

(R. 70–71.)

The trial counsel, on re-direct, then elicited from the witness, over defense objection, two specific instances of conduct of the accused probative of his character for untruthfulness. Defense counsel, both at trial and on appeal, have cited, as the basis for precluding this testimony of specific instances of appellant's untruthful character, Rule 608, MRE.[1] We do not believe the military judge to have abused his discretion, however, in permitting this testimony, despite the apparent limitation in Rule 608(b) of such inquiry to cross-examination.

Rule 608(b) reads:

(b) Specific instances of conduct. Specific instances of conduct of a witness, for the purpose of attacking or supporting the credibility of the witness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the military judge, if probative of truthfulness, be inquired into on cross-examination of the witness (1) concerning character of the witness for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthful-

---

1. Trial defense counsel also objected to the perceived abandonment by the military judge of his role of neutral arbiter and trier of fact when the military judge advised Government counsel that by his cross-examination defense counsel had waived the previously sustained objection against the introduction of evidence of specific instances of untruthful conduct, thereby freeing the prosecutor from the former restraint. Although we do not share the defense counsel's perception, we share his concern. *See United States v. Taylor,* 47 C.M.R. 445, 452 (A.C.M.R.1973).

ness of another witness as to which character the witness being cross-examined has testified. The giving of testimony, whether by an accused or by another witness, does not operate as a waiver of the privilege against self-incrimination when examined with respect to matters which relate only to credibility. .

A fair reading of the rule would seem to conclusively preclude the admission of specific instances of conduct as evidence of one's untruthful character *except* on cross-examination. This conclusion is knocked awry by the drafters of the rule itself with their analysis that, "it is likely that the intent of the Federal Rule [from which the Military Rules are derived] was to permit inquiry on direct as well, *see* Rule 607, and the use of the term 'cross-examination' was an accidental substitute for 'impeachment.'" Appendix A18–89, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). The drafting committee [2] went on to state that it was their intent to allow use of this form of evidence on direct examination to the same extent that is used in Article III courts.

■ Persuaded by the logic and reason of this intention, as well as the mandate of Article 36, UCMJ, we find the Government's rehabilitation of Staff Sergeant Simoes' opinion testimony, following its impeachment by the defense, was permissible within the discretion of the military judge. *See* Rule 403, MRE. Having attacked the credibility of the accused with his opinion of the accused's character trait for truthfulness, Staff Sergeant Simoes' own credibility was attacked during the defense cross-examination. Concededly, the defense attempt to show Staff Sergeant Simoes' bias was less than effective but for the staff sergeant's admission that he had testified at the accused's recent administrative discharge board. With that admission, he identified himself as the staff sergeant whom the defense's board member witness had earlier testified was part of a seemingly command-oriented attempt to railroad the accused out of the Marine Corps. His rehabilitation, accordingly, was proper. *United States v. Rubier,* 651 F.2d 628 (9th Cir.1981); *United States v. Arroyo-Angulo,* 580 F.2d 1137 (2d Cir.1978), *cert. denied* 439 U.S. 913 [99 S.Ct. 285, 58 L.Ed.2d 260] (1978). *See also United States v. Scholle,* 553 F.2d 1109 (8th Cir.1977), *cert. denied* 434 U.S. 940 [98 S.Ct. 432, 54 L.Ed.2d 300] (1977), (sometimes specific instances of conduct may be used to show an absence of bias); *United States v. Lechoco,* 542 F.2d 84 (D.C.Cir.1976).

The specific instances of conduct to which the witness testified were probative of appellant's character trait as to which he had already testified. Rule 608(b), MRE. Its probative value was not outweighed by a danger of unfair prejudice. Rule 403, MRE. This case was tried before a military judge sitting without members. Even if the admission of these specific instances of conduct constituted a technical violation of Rule 608(b), we are satisfied that it was not so prejudicial as to require reversal. *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); Paragraph 100*a,* MCM.

### III

■ No error occurred when the military judge admitted into evidence at presentencing proof of appellant's conviction on 24 April 1980 by summary court-martial. The basis for appellant's complaint is Prosecution Exhibit 8, The Administrative Remarks page, NAVMC 118(11), from appellant's service record book on which was recorded the *Booker* [3] rights advice given to appellant prior to the summary court-martial, his acknowledgement of the advice received, and his decision whether to seek or waive consultation with independent counsel and whether to accept or refuse trial by summary court-martial. Appellant's signature appears on the document in acknowledgement of having received the advice.

2. The Evidence Working Group of the Joint Service Committee on Military Justice.

3. *United States v. Booker,* 5 M.J. 238 (C.M.A. 1977).

That portion of the document recording appellant's decision whether to waive or not his right to consult with counsel shows both the "waive" option and the "do not waive" option lined through, thereby creating the alleged self-contradiction of which appellant complains. Had that been the extent of the entry, appellant's argument would have merit. The entry is made unambiguous, however, by the correction made to this obvious clerical error with the word "waive" then having been circled and initialed by the witness to appellant's signature. The pertinent entry therefore reads, in full, "I waive my right to consult with a lawyer."

Appellant will not be heard to complain of this clerical error created by himself with which he purports to cloud our perception of his intention. He has full knowledge of that intent. Surely, had it not been his desire to waive counsel consultation and had he thus been denied the right of such consultation, a superior basis for objection to the conviction's entry into evidence would have existed. It is not unfair, therefore, to place upon the servicemember under these circumstances the burden of showing a contrary intention. *Cf. United States v. Alsup,* No. 81 3184 (N.M.C.M.R. 31 August 1982) (slip opinion at 3).

### IV

 The entry on Prosecution Exhibit 6 to which appellant objects was the recordation of a factual occurrence. Recording such an entry in appellant's service record book was within the authority and discretion of the commanding officer, as information which he may deem useful to a Marine's future commander. Section 4013.1, *Marine Corps Individual Records Administration Manual,* MCO P1070.12C(IRAM). It was otherwise admissible as reflecting the character of appellant's past military service. Paragraph 75*b*(2), MCM. The exhibit was properly admitted. *United States v. Brown,* 10 M.J. 589 (N.C.M.R.1980).

### V

This assignment of error is likewise without merit. At appellant's first trial on these charges, it became apparent that the convening authority of that court was without authority to convene the court. Hence, the charges were immediately withdrawn from a court which was without jurisdiction. Appellant had elected, as he did in the present case, to proceed to trial before military judge alone. No members participated in the former invalid trial. The trial was terminated with some evidence having been received on two of the specifications, but before the Government had rested its case. No findings had been entered. Therefore, the referral herein by the second convening authority to a court-martial composed of the same members as the original court-martial is of no moment. Paragraph 92*b*, MCM. *United States v. Ryan,* 5 M.J. 97 (C.M.A.1978) is inapposite.

Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

Senior Judge GLADIS and Judge BYRNE concur.