**UNITED STATES, Appellee,**

v.

**Private First Class Heriberto GARCIA, SSN 583–02–9341, United States Army, Appellant.**

**SPCM 15181.**

U. S. Army Court of Military Review.

8 Dec. 1980.

Colonel Edward S. Adamkewicz, Jr, JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Captain Paul J. Moriarty, JAGC, and Major Jerome E. Kelly, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Douglas P. Franklin, JAGC, and Captain David H. Johnson, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was tried by special court-martial for two specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1976). He pleaded guilty and was sentenced to a bad-conduct discharge, confinement at hard labor for four months, and forfeiture of $299.00 per month for four months. The convening authority reduced the period of confinement to three months but approved the findings and the remainder of the sentence. The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

The appellant was tried on the third day after charges were served on him.* In peacetime, an accused may not be brought to trial by special court-martial, "against his objection," within three days of service of charges. Article 35, Uniform Code of Military Justice, 10 U.S.C. § 835 (1976). In this case the appellant did not object, and the trial judge did not raise the issue. The appellant now contends that the trial judge erred by failing to conduct an inquiry to insure that the appellant was aware of his right to object to trial within three days of service of charges.

 The legislative history of Article 35 makes it clear that its purpose was to protect an accused from being forced to stand trial without adequate time to prepare a defense. The Article was not intended to bar trial within three days of service of charges, but merely to provide a ground which could be invoked by an accused to secure a continuance. See *Uniform Code of Military Justice: Hearings on H.R. 2498 Before a Subcommittee of the House Committee on Armed Services*, 81st Cong., 1st Sess. 1013 (1949) (testimony of Felix Larkin, Assistant General Counsel, Office of the Secretary of Defense). The entitlement to a continuance conferred by Article 35 is not activated unless there is a specific request for a continuance or an objection to proceeding within the three-day period. *United States v. Lumbus*, 48 C.M.R. 613, 615 (ACMR 1974); *United States v. Miller*, 2 C.M.R. 211 (ABR 1951); *United States v. Roberts*, 2 C.M.R. 621 (CGBR 1951).

The appellant argues that the provisions of Article 35 may be waived only by a "knowing refusal to object." See *United States v. Pergande*, 49 C.M.R. 28, 32 (ACMR 1974); *United States v. Oliphant*, 50 C.M.R. 29, 30 (NCMR 1974). However, this is not a requirement of the Uniform Code of Military Justice or the Manual for Courts-Martial. It originated in dictum in this court's *Pergande* case and was adopted by the Navy Court of Military Review in support of a holding that an accused may waive the three-day period for purposes of arraignment but refuse to waive it for the trial on the merits. While *Pergande* and *Oliphant* recognize that an accused may knowingly waive the provisions of Article 35, they do not hold that a "knowing refusal to object" must be established on the record by the military judge.

 The appellant in this case has not claimed at any time that he was unprepared for trial. To the contrary, both he and his counsel specifically stated during the inquiry into the pleas of guilty that they had adequate time to prepare their case. Accordingly, we hold that, in the absence of a timely objection by the appellant, it was not error for the trial to proceed within three days of service of charges. Furthermore, we hold that the failure of the trial judge to inquire on the record whether the appellant desired to invoke his entitlement to a continuance under Article 35 was not error.

 The appellant also contends that the military judge improperly considered two records of nonjudicial punishment. This contention is without merit in the light of *United States v. Mack*, 9 M.J. 300 (CMA 1980).

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge CLAUSE concur.

---

* Upon receipt of charges referred to him for prosecution, the trial counsel is required to serve a copy of the charge sheet on the accused. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 44*h*.