UNITED STATES, Appellee,

v.

Specialist Four Rafael CRUZ–MALDO-NADO, 584–11–2694, United States Army, Appellant.

No. CM 446191.

U.S. Army Court of Military Review.

15 July 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, and Captain Peter D.P. Vint, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Captain Samuel J. Rob, JAGC, and Captain Garreth E. Shaw, JAGC, were on the pleadings for appellee.

Before McKAY, WATKINS, and LYM-BURNER, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Senior Judge:

The appellant was convicted by a general court-martial, contrary to his pleas, of violating a general regulation by possessing a switchblade knife, aggravated assault with a dangerous weapon, and being disorderly in a public place. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement at hard labor for twelve months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The primary issue before the Court in this appeal is the appellant's contention that the military judge abused his discretion by not granting the defense requested continuance for the five day waiting period after service of charges provided under Article 35, Uniform Code of Military Justice, 10 U.S.C. § 835 (1982) [hereinafter cited as UCMJ]. We find no merit to the appellant's contention and affirm.

The evidence of record discloses that on 6 December 1983 the appellant was served

properly with a copy of the charges and specifications for which he was ultimately tried. At an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session on 19 December 1983 the appellant raised several motions for appropriate relief based upon alleged unlawful command influence by Major General Thurman E. Anderson, Commander, 3d Armored Division. The relief sought included independent evaluation and re-referral of the charges by a convening authority outside the 3d Armored Division. Although the military judge denied the requested relief of re-referral, as a result of subsequent developments concerning the unlawful command influence issue, the charges and specifications were withdrawn from the court-martial by General Anderson on 7 February 1984. They were re-referred to a general court-martial without change or modification by a different convening authority, the V Corps Commander, on 16 February 1984. On 16 February 1984 the charges were also again served on the appellant. The appellant objected to proceeding to trial on 21 February 1984, contending that five full days had not elapsed since service. Even though the military judge stated a lack of time to prepare for trial would be cause for a delay, the defense counsel did not claim lack of notice or an inability to prepare for trial as the reason for his objection. Specifically, the defense counsel stated the objection to proceeding without the full five days was "for procedural [sic] and in order that no issue regarding jurisdiction be waived". On these facts the appellant now contends that he is entitled by Article 35, UCMJ, to a second five day delay between service of charges on 16 February 1984 and commencement of trial.

Article 35, UCMJ, and paragraph 58c, Manual for Courts-Martial, United States, 1969 (Revised edition), preclude, over objection of an accused, trial by a general court-martial during peacetime within five days of the service of charges. The Manual provision excludes the date of service and the date of trial in computing the five days. Clearly the appellant's trial commenced within five days of the 16 February 1984 service of charges.

 The legislative intent behind Article 35 was to protect an accused from being forced to stand trial without adequate time to prepare a defense. *United States v. Garcia*, 10 M.J. 631 (ACMR 1980); *United States v. Saxon*, 9 M.J. 948, 950 (NCMR), *pet. denied*, 10 M.J. 245 (CMA 1980). Article 35 also has been described by this Court as providing one of the "accused's fundamental rights to military due process". *United States v. Pergande*, 49 C.M.R. 28, 32 (ACMR 1974). Thus, while an accused may knowingly waive the protections of Article 35, he cannot be forced to proceed during the applicable period over his timely objection. *United States v. Garcia, supra.* Accordingly, the question that the Court must decide in this case is whether the service of charges on 6 December 1983 satisfied the Article 35 requirement for service. We hold that it did.

 Given the underlying purpose of Article 35, we see no possibility in this case that that interest was not satisfied. The re-referral was sought by the appellant during extensive pretrial litigation which included a petition for extraordinary relief to this Court during February 1984 seeking reversal of the trial judge's denial of the request for re-referral. The request for extraordinary relief was mooted by General Anderson's withdrawal and forwarding of the charges to V Corps because of developments on the issue of unlawful command influence. During his arraignment the appellant, obviously aware that inadequate time to prepare for trial was cause for obtaining a continuance and with knowledge of the re-referred charges, made no assertions of inadequate time to prepare his defense or that he was misled. To the contrary, his defense counsel, who had represented him during the prior litigation, made it clear that his only objection was for procedural reasons and to preclude waiver of any defense regarding "jurisdiction". Under these facts we are satisfied no statutory right to an additional five day waiting period exists. *Cf. United States v.*

*Saxon, supra* (no statutory requirement for five day waiting period after service of charges for a rehearing); *United States v. Lewis,* 5 M.J. 712 (ACMR 1978), *pet. denied,* 6 M.J. 294 (CMA 1979) (second service not required after re-referral by same convening authority and minor amendments to specifications). Assurance of the protection of the appellant's fundamental rights under Article 35 was accomplished in this case by the 6 December 1983 service of identical charges to those for which he was tried and convicted.

We have considered the appellant's remaining assignments of error, including those he raised in his request for appellate representation, and find they have no merit.

The findings of guilty and the sentence are affirmed.

Judge LYMBURNER concurs.

Judge WATKINS did not participate in this case.