**UNITED STATES, Appellee,**

v.

**Specialist Martin L. WILSON, 485–96–4385, United States Army, Appellant.**

**ACMR 8702758.**

U.S. Army Court of Military Review.

11 Oct. 1988.

---

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC (on brief).

Before DeFORD, KANE, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

KANE, Judge:

Pursuant to his pleas, the appellant was convicted of carnal knowledge in violation

of Article 120 of the Uniform Code of Military Justice, 10 U.S.C. § 920 (1982) [hereinafter UCMJ]. In accordance with a pretrial agreement, the convening authority approved so much of the sentence as provides for a bad-conduct discharge, forfeiture of all pay and allowances, reduction to the grade of Private El, and confinement for three years with suspension of confinement in excess of nine months for a period of nine months with provision for automatic remission.

In accordance with the appellant's election to be tried by a court-martial composed of one-third enlisted members, the convening authority detailed nine officer members and four enlisted members to appellant's court-martial. The members were then sworn and, following *voir dire* and challenges, the number of enlisted members were reduced below that necessary to afford the appellant his statutory right to trial by a court-martial composed of at least one-third enlisted members. The court-martial was then recessed and the convening authority detailed two additional enlisted members to satisfy the statutory requirement. These members were examined and found satisfactory by counsel and the court was again assembled. However, the new enlisted members were not sworn. This panel sentenced the appellant to a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to the grade of Private El.

Upon reviewing the record of trial, the military judge noted that the two enlisted members who had been added to the court had not been sworn in accordance with Article 42, UCMJ. In a post-trial session, the military judge advised the appellant of this error and offered to permit him to "waive" the defect or to have another sentencing proceeding before a court whose members were properly sworn. The appellant declined to waive the error whereupon the military judge ordered a new sentencing proceeding. The appellant then challenged for cause the members who had previously sentenced him. This challenge was granted and new members were detailed. The court-martial was assembled and the parties presented anew their respective cases on sentencing. The military judge instructed the new panel that the maximum punishment which could be adjudged was a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to the grade of Private El. The panel sentenced the appellant to the "maximum" punishment of a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to Private El.

The appellant now contends that the military judge erred in failing to report the findings and the "illegal and void" sentence of the court-martial to the convening authority as required by Article 60(a), UCMJ. He further contends that the remedial proceeding ordered by the military judge was improper. He argues that the Rules for Court–Martial required either sentence reconsideration or the declaration of a mistrial under the facts of this case. We disagree and confirm his conviction and sentence.

■ The failure to administer the oath to all of the members of the appellant's court-martial panel was an error affecting a substantial right of the appellant. The oath obligates the members of a court-martial to act in strict compliance with the law without regard to personal opinions or the opinions of others. *Cf. United States v. Miller,* 19 M.J. 159 (C.M.A.1985). The oath is an indispensable prerequisite to performing the responsibilities of service on a courts-martial panel. Article 42(a), UCMJ. The failure of the trial counsel to administer the oath rendered the sentencing proceeding and the sentence adjudged a nullity. *United States v. Gary,* 44 C.M.R. 354 (A.C.M.R.1970). Consequently, there was no sentence adjudged for purposes of Article 60(a), UCMJ. Therefore, the appellant's assertion that the sentence should have been reported to the convening authority is without merit; any action of the convening authority confirming or otherwise approving the void sentence would itself have been a nullity. *United States v. Gary,* 44 C.M.R. at 356.

The failure to swear the members resulted in an error that was not susceptible to remedy by reconsideration because the sentence was not simply ambiguous or illegal but was void. *United States v. Gary, supra.* Consequently, there was no sentence to reconsider. Notwithstanding this conclusion, the fact that the military judge offered to permit the appellant to be resentenced by the same court-martial panel afforded the appellant the same opportunity as reconsideration. Any procedural distinction which may exist between a proceeding to reconsider the appellant's sentence and a *de novo* sentencing proceeding would have been *pro forma* because the identical members would have been involved in either proceeding. The appellant's challenge for cause against the array was a volitional act under the law of the case which, when granted, foreclosed the original panel from considering his case on sentencing.

 Upon the appellant's refusal to waive the error, the order of the military judge had the legal effect of ordering a proceeding in revision in accordance with Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1102(b)(1) [hereinafter R.C.M.] to correct the error or omission occasioned by the trial counsel's failure to swear the members. A proceeding in revision, unlike a mistrial, does not amount to a withdrawal of the charges. *Compare* R.C.M. 915(c)(1) *with* R.C.M. 1102(b)(1). Consequently, such a proceeding may be ordered by a military judge without further action by the convening authority. Conversely, if the military judge had declared a mistrial, such a ruling would have had the effect of withdrawing the charges and necessitated rereferral. R.C.M. 915(c)(1). *See, e.g., United States v. Mora*, 26 M.J. 122 (C.M.A.1988). Accordingly, this court must decide whether the military judge utilized an appropriate remedy for the error of record in the case at bar.

 We find that the remedy employed by the military judge was appropriate in these circumstances. Because the sentence and the sentencing proceeding in the case at bar were nullities, it is evident that the record in the case at bar contained a substantial omission, to wit: a sentence and a sentencing proceeding. Consequently, the military judge could not entertain "substantial doubt as to the fairness" of the sentence or sentencing proceeding which were void as a matter of law. *See* R.C.M. 915(a). *Cf. United States v. Mora*, 26 M.J. at 123 (sentencing authority exposed to "offensive matters" during previous proceedings). Accordingly, a proceeding in revision was an appropriate remedy for this kind of error.

We note that the Discussion to R.C.M. 915(a) indicates that "a mistrial is appropriate when the proceedings must be terminated because of ... a jurisdictional defect." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 915(a) discussion. We also note that this court held in *Gary* that a defect similar to the error committed here was jurisdictional because the court was "not lawfully convened." *United States v. Gary*, 44 C.M.R. at 356. However, that ruling was erroneous.

 In order for a court-martial to have jurisdiction, it must be convened and constituted in accordance with law. *McClaughry v. Deming*, 186 U.S. 49, 62, 22 S.Ct. 786, 791, 46 L.Ed. 1049 (1902). A court-martial is convened by an order promulgated by an authorized commander which designates the composition of the court. *United States v. Ryan*, 5 M.J. 97 (C.M.A. 1978). Jurisdiction is affirmatively established on the record when the trial counsel announces the convening of the court and the referral to trial of charges by an appropriate authority. *United States v. Saunders*, 6 M.J. 731 (A.C.M.R.1978). Therefore, although the ministerial act of swearing the court-members is essential to the legal efficacy of a court-martial proceeding, it is not a matter affecting the jurisdiction of the court-martial. *Accord See* R.C.M. 201(b); *United States v. Dixon*, 8 M.J. 858 (N.C.M.R.1980). Accordingly, we rule that our holding in *United States v. Gary* was incorrect to the extent that it holds that such an error is jurisdictional and we de-

cline to consider it precedent that we must follow in this case.

We have considered those matters personally asserted by the appellant and find them meritless.

The findings and sentence are affirmed.

Senior Judge DeFORD and Judge WERNER concur.