UNITED STATES, Appellee,

v.

Private E2 Robert S. CHOY, 218–02–2223, United States Army, Appellant.

ACMR 9100753.

U.S. Army Court of Military Review.

15 Jan. 1992.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Michael Huber, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Edith M. Rob, JAGC, Captain John J. Carroll III, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

In accordance with his pleas, the appellant was found guilty of absence without leave (two specifications) and missing movement through design, in violation of Articles 86 and 87, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 887 (1982), respectively [hereinafter UCMJ]. A military judge sitting as a special court-martial sentenced the appellant to a bad-conduct discharge, confinement for two months, forfeiture of $502.00 pay per month for two months, and reduction to Private E1. The convening authority approved the adjudged sentence.

This case was submitted to the court on its merits. Because we had questions regarding the convening authority's intent in referring this case, which were raised by inconsistencies contained in the trial counsel's averments at trial and in certain documents proffered by him, we specified two issues:

WHETHER THE APPELLANT'S COURT–MARTIAL LACKED JURISDICTION IN VIEW OF THE DISCREPANCY BETWEEN TRIAL COUNSEL'S INTRODUCTION INTO THE RECORD OF GENERAL COURT–MARTIAL CONVENING ORDER NUMBER 28, AND THE ENDORSEMENT TO THE CHARGE SHEET REFLECTING REFERRAL OF APPELLANT'S CASE TO A SPECIAL COURT–MARTIAL CONVENED BY COURT–MARTIAL CONVENING ORDER NUMBER 29.

WHETHER, UNDER THE CIRCUMSTANCES, THE APPELLANT'S ELECTION OF TRIAL BY MILITARY JUDGE ALONE WAS A KNOWING AND INFORMED DECISION.

We find that the convening authority intended to refer the charges to a special court-martial and that the court was properly convened. We therefore hold that the court-martial had jurisdiction and that the appellant was not misled by the discrepancies noted above.

The pertinent facts are as follows. At trial, the trial counsel announced that the court was convened by *General* Court–Martial Convening Order Number 29, and he entered that convening order into the record. Yet, the endorsement in Part V of the Charge Sheet which he also entered into the record reflects that the convening authority referred the charges against the appellant to a *special* court-martial (authorized to adjudge a bad-conduct discharge) convened by Special Court–Martial Convening Order Number 28. These two convening orders list two entirely different panels of members. No objection to this discrepancy was made during or after trial.

Because of the trial counsel's inconsistent representations, we are left to speculate as to which court-martial panel the convening authority intended to refer the charges. Was it a general court-martial convened by order number 29 or a special court-martial convened by order number 28?

## I.

▮ In order for a court-martial to have jurisdiction, it must be convened and constituted in accordance with law. *McClaughry v. Deming*, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902); *United States v. Wilson*, 27 M.J. 555 (A.C.M.R.1988). At trial, the trial counsel affirmatively establishes the court-martial's jurisdiction on the record when he or she announces without challenge: (1) the convening of the court; and, (2) the referral to trial of charges by a convening authority.[1] *United States v. Masusock*, 1 C.M.R. 32 (C.M.A.1951); *Wilson*, 27 M.J. at 558.

▮ In addition to the trial counsel's announcement, two documents are entered into the record of proceedings: the convening order and the charge sheet. R.C.M. 504(d). *See generally* Manual for Courts-Martial, United States, 1984, appendix 6 [hereinafter MCM]; Army Reg. 27–10, Legal Services: Military Justice, chapter 12 (1 July 1984). The first of these two documents, the convening order, designates the type of court-martial and the court members who have been personally selected by the convening authority. MCM, appendix 6. A convening order which brings a court-martial into being is the reflection of the convening authority's intent and is the formal recordation of that intent. *United States v. Glover*, 15 M.J. 419, 421 (C.M.A.1983). The second document, the charge sheet, memorializes the convening authority's decision to refer charges to a particular court-martial panel as set forth in a particular convening order. This referral decision is recorded in an endorsement in Part V of the charge sheet. R.C.M. 601(e), discussion, and MCM, appendix 4, at A4–2. The endorsement must be signed by the convening authority or by a person acting on the order or at the direction of the convening authority. *Id.*

▮ Normally, the convening order that is entered into the record and the endorsement on the charge sheet reflect the same information as to the convening order number, the date of the convening order, and the type of court convened. However, a discrepancy between the two documents is not necessarily a jurisdictional defect. *See Otero*, 26 M.J. 546 (A.F.C.M.R.1988) (discrepancy in date between the two documents held to be an administrative error and not jurisdictional). *Accord, United States v. Hayward*, 11 M.J. 738, 740 (A.F.C.M.R.1981). A discrepancy, however, may destroy the presumption of regularity that normally exists as to these documents. *See Masusock*, 1 C.M.R. 32; *United States v. Price*, 7 M.J. 644 (A.C.M.R.1979); *United States v. Saunders*, 6 M.J. 731, 734–35 (A.C.M.R.1978) (*en banc*) (a presumption of regularity normally attaches from the promulgation of court-martial convening orders). Likewise, the presumption of regularity that normally attaches to the trial counsel's announcement of the convening and referral decisions may be defeated by inconsistent evidence of record. *Masusock*, 1 C.M.R. 32; *Saunders*, 6 M.J. 731.

## II.

▮ At the outset, we note that the authenticity of the two convening orders and the legality of the two courts-martial panels thereby created are not at issue. Unlike the situation in *Ryan*, there is no fundamental defect in either court-martial order number 28 or 29. Both are valid. The only issue is to which court panel the convening authority intended to refer the appellant's charges.

---

1. "Referral" is the order of a convening authority that charges against an accused will be tried by a *specified* court-martial. R.C.M. 601(a); *United States v. Otero*, 26 M.J. 546, 547 (A.F.C.M.R.1988). Proper referral of charges to a court-martial requires three elements: (1) a convening authority authorized to convene the court; (2) preferred charges which have been received by the convening authority for disposition; and, (3) a court-martial convened by that convening authority. *See* Manual for Courts-Martial, United States, 1984, Rule for Court-Martial 601(a) discussion [hereinafter R.C.M.]. A court-martial is "convened" when an authorized commander personally determines the composition of the court; *i.e.*, appoints the court members. *United States v. Ryan*, 5 M.J. 97, 100–01 (C.M.A.1978); *Wilson*, 27 M.J. at 558.

In the present case, the affirmative establishment of jurisdiction and any presumption of regularity which we would normally accord to the trial counsel's announcement has been destroyed by the conflicting information he presented. Because of the discrepancy, we must attempt to discern the intent of the convening authority in referring this case to trial.

Fortunately, we can find the clear intent of the convening authority to refer the charges to trial by a special court-martial from documents, actions, and statements contained in the record. First, prior to trial there was no investigation conducted in this case pursuant to Article 32, UCMJ, and R.C.M. 405, a prerequisite for referral of charges to a general court-martial. Second, the staff judge advocate did not prepare a formal, written pretrial advice pursuant to Article 34, UCMJ, 10 U.S.C. § 834, and R.C.M. 406, another prerequisite for referral of charges to a general court-martial. Third, the pretrial agreement submitted by the appellant and approved by the convening authority asserts that the charges were referred to a special court-martial. Fourth, it is evident that all parties at trial understood that the charges had been referred to a special court-martial. The military judge's explanation of the appellant's right to a trial with members included the advice that the court would consist of three or more members; and, during the providence inquiry, the military judge informed the appellant that the maximum possible punishment was that of a special court-martial. Finally, the post-trial documents, including the staff judge advocate's recommendation and the promulgating order, all refer to the court-martial as a special court-martial.

In response to the specified issues, the government has presented this court with a copy of Special Court–Martial Convening Order Number 28 as an appellate exhibit. The government has also submitted affidavits from a legal technician and the trial counsel explaining the referral process in this case and acknowledging that a mistake had been made by the trial counsel in announcing and proffering the wrong convening order at trial.[2] Government appellate counsel also proffered an affidavit from the trial defense counsel.[3]

We find that the prerequisites for referral contained in R.C.M. 601 have been met in this case and that the court was properly constituted. We find as a matter of fact and law that the convening authority intended to and did refer the appellant's charges to a special court-martial convened by Special Court–Martial Convening Order Number 28 and that the trial counsel's unfortunate introduction into the record of General Court–Martial Convening order Number 29 was an inadvertent error on his part.

■ With regard to the second specified issue, we find that the appellant could not have been misled by this error and that the error was harmless under the circumstances. The uncontradicted affidavits of the trial counsel and legal technician prof-

---

**2.** We have, with some reluctance, accepted these two affidavits as appellate exhibits, because we agree with the sentiments expressed in *United States v. Perkinson,* 16 M.J. 400, 402 (C.M.A.1983), relating to the use of "eleventh-hour affidavits" to "save a sinking record." *See also United States v. Ware,* 5 M.J. 24, 25 (C.M.A.1978); *United States v. Carey,* 49 C.M.R. 605, 606 (C.M.A.1975); *United States v. Brookins,* 33 M.J. 793, 795 (A.C.M.R.1991); *United States v. Kaopua,* 33 M.J. 712, 713 (A.C.M.R.1991); *United States v. Stafford,* 25 M.J. 609, 611 n. 1 (A.C.M.R.1987) (same general language; same sentiments). Our dislike for having to resort to affidavits of this sort need not deter us, however, because we need not rely on them in deciding the first specified issue. The affidavits merely confirm that which we are able to discern from the record.

**3.** In the affidavit, the defense counsel avers that he recognized the discrepancy in convening orders at trial, that the appellant was not misled, and that the appellant would have requested trial by military judge alone in any event. Even though there was no objection to this affidavit by the appellate defense counsel, we denied the government's motion to admit this exhibit. Out of an abundance of caution, in the absence of an allegation of ineffective assistance of counsel or an indication of waiver by the appellant of the attorney-client privilege, we will not consider this affidavit. *See generally,* Manual for Courts–Martial, United States, 1984, Mil.R.Evid. 502; *United States v. Mays,* 33 M.J. 455 (C.M.A.1991).

fered by the government convince us that the correct convening order was almost certainly provided to the defense counsel and the appellant prior to trial. Further, the charge sheet, served on the appellant prior to trial, correctly reflected the level of court and the proper convening order to which the case was referred. At trial, the military judge's advice regarding the appellant's options as to forum was complete and correct; and, he did not affirmatively mislead the appellant by specifically referring to or naming the members listed on the "wrong" convening order. Finally, there has been no specific assertion by the appellant that he was misled and no statement as to how he may have been prejudiced.[4]

We find that the error personally asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge JOHNSON and Judge WERNER concur.

---

4. In his brief submitted in response to this court's specified issues, the appellate defense counsel merely asserts, without more, that "un-der the circumstances, [the appellant's] election of trial by military judge alone could not be a knowing and informed decision."