**UNITED STATES, Appellee,**

v.

**Private First Class James H. CUNNINGHAM, 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, United States Army, Appellant.**

**ACMR 9200905.**

U.S. Army Court of Military Review.

16 March 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Thomas D. Wight, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Major Donna L. Barlett, JAGC, Captain John P. Saunders, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a special court-martial. Pursuant to his pleas, he was found guilty of one specification of absence without leave, one specification of larceny, and one specification of breaking restriction, in violation of Articles 86, 121, and 134, 10 U.S.C. §§ 886, 921, and 934 (1982). Contrary to a plea of not guilty, he was found guilty of a second specification of absence without leave. He was sentenced to a bad-conduct discharge, confinement for four months, and reduc-

tion to Private E1. The convening authority approved the sentence.

This Court specified the following issue: WHETHER THE MILITARY JUDGE ERRED TO THE PREJUDICE OF APPELLANT BY NOT WITHDRAWING THE STIPULATION OF FACT FROM EVIDENCE UPON THE GOVERNMENT'S WITHDRAWAL FROM THE PRETRIAL AGREEMENT.

Appellant entered into a pretrial agreement with the convening authority. In exchange for a guilty plea to the charges and specifications, the agreement provided that the convening authority would "approve the sentence as adjudged, but, further, that any confinement adjudged in excess of three (3) months will be suspended for six months ..." The agreement also contained a condition that appellant would enter into a stipulation of fact acceptable to the trial counsel as to the facts and circumstances surrounding the offenses. The stipulation would be used to inform the members or military judge, as appropriate, of matters pertaining to findings and sentence. The agreement also contained a provision that the convening authority would not be bound by the agreement if appellant withdrew his pleas of guilty or if a plea of not guilty was entered by the military judge before sentencing.

At trial, appellant initially entered pleas of guilty. The military judge inquired into the providence of the pleas as required by *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969). He advised the appellant that the stipulation would be used to determine the factual basis for the pleas and to determine an appropriate sentence. The military judge used the stipulation to establish the factual basis for the pleas. As to the larceny offense, he stated, "Okay. Let's talk about this offense. The stipulation of fact indicates that on the 29th of November 1991, you obtained a [sic] $100.00 from the Fort Hood National Bank. Is that true?" The military judge continued to use the stipulation of fact to question appellant and establish the factual basis for the plea. In discussing the offense of breaking restriction, the following colloquy occurred:

MJ: Okay, well the stipulation indicates that your crime, this is, the taking of the money was discovered on or about the 6th of December. It was reported to the CID on or about 9th of December. You were interviewed that day and you confessed to the larceny?

Accused: Yes, sir.

MJ: Now, am I correct in concluding that somewhere thereabouts, you were placed on restriction?

During the providence inquiry on the second absence without leave, an absence from 6 to 10 February 1992, appellant stated that he thought he had authority from his platoon sergeant to be absent. The military judge concluded that the defense of mistake of fact was raised, rejected the plea of guilty to that offense, and entered a plea of not guilty. After a recess to consider the matter, the trial counsel announced that "the agreement had been withdrawn" by the government. Nevertheless, appellant determined to persist in the remaining pleas of guilty. Trial counsel proceeded to present evidence on the remaining offense, and the military judge found appellant guilty. Appellant was sentenced as previously indicated in this opinion. The military judge did not discuss the effect of the government's withdrawal from the pretrial agreement on the stipulation of fact. The stipulation of fact was not withdrawn from evidence and is attached to the record as a prosecution exhibit.

Appellant now contends that the stipulation of fact amounted to a confessional stipulation which required the military judge to determine from the accused that a factual basis exists for the stipulation. *See United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977); *see also United States v. Honeycutt,* 29 M.J. 416 (1990). In the alternative, appellant contends that the military judge should have withdrawn the stipulation from evidence.

Government appellate counsel contend that the stipulation was not confessional in nature, that the military judge did not err by failing to withdraw it from evidence, and even if he did err, there was no prejudice to appellant. Government appellate counsel further contend that the military

judge is presumed to follow the law and only consider matters before him for the purpose for which they are admitted. *See United States v. Mays*, 33 M.J. 455, 459 (C.M.A.1991).

■ In the case before us, the prosecution proved the contested offense independent of the stipulation. Any error in this respect was harmless. The military judge used the stipulation, however, to establish the factual basis for at least two of the offenses to which appellant pled guilty. He advised the appellant that he would use the stipulation, not only to establish the factual basis for his pleas of guilty, but that he would use it in determining an appropriate sentence. We find nothing in the record to cause us to believe that the military judge did otherwise. In this case, the prosecution received the advantage of the stipulation without being subject to any of the limitations of the pretrial agreement. Under the circumstances of this case, we will not apply waiver. Had the military judge advised appellant on the record that the stipulation of fact would be withdrawn and would not be considered for any purpose, and had appellant then requested the stipulation be used, our holding may have been different.[1] We hold that the military judge erred by considering the stipulation of fact.

We shall reassess the sentence. In doing so, we will affirm a sentence well within the limitations of the pretrial agreement.

The remaining assertion of error is without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), only so much of the sentence is affirmed as provides for confinement for three months and reduction to Private E1.

Judge BAKER and Judge WALCZAK concur.

---

1. We suggest that military judges advise an accused consistent with this opinion should they be confronted with the problem presented in this case.