**UNITED STATES, Appellee,**

v.

**Specialist David J. ROMERO, 567–61–4862, United States Army, Appellant.**

**ACMR 9202673.**

U.S. Army Court of Military Review.

25 May 1993.

For Appellant: Major James M. Heaton, JAGC, Captain Christopher W. Royer, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC.

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

DE GIULIO, Senior Judge:

Appellant was tried by military judge sitting as a general court-martial. Con-

trary to his pleas, he was found guilty of four specifications of distribution of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for four years, total forfeitures, and reduction to Private E1. The convening authority reduced the confinement to forty-two months but otherwise approved the sentence.

This case was submitted to this court on a nonmeritorious jurisdictional issue. *See United States v. Weiss*, 36 M.J. 224 (C.M.A. 1992). Review of the case, however, reveals a failure to withdraw a stipulation of fact entered pursuant to a pretrial agreement, after the military judge rejected the pleas of guilty. Although reversal is not required, this issue will be discussed. We affirm the findings of guilty and the sentence.[1]

The pretrial agreement in this case contained the condition that the appellant must enter into a stipulation of fact. The provision stated that the stipulation would be used to "inform the military judge of matters pertinent to an appropriate finding and sentence." If the plea was not accepted, the stipulation was to be null and void. Later in the proceeding, the stipulation was admitted into evidence as a prosecution exhibit. In addition, the military judge had the trial counsel "read the stipulation of fact into the record." During the providence inquiry, the accused raised matters inconsistent with his pleas of guilty, he persisted in those matters, and the military judge rejected his pleas of guilty and entered pleas of not guilty. The military judge delayed the trial from 17 November until 8 December 1992. The same military judge presided at the trial on 8 December. The government then presented evidence, to include a confession of appellant, which resulted in findings of guilty of four speci-

fications of distribution of marijuana. The stipulation of fact was never withdrawn from evidence and remains in the record as a prosecution exhibit.

██ This is another case where a plea of guilty was entered pursuant to a pretrial agreement, the plea of guilty "went sour," pleas of not guilty were entered for the accused, but the stipulation of fact was not withdrawn from evidence. *See United States v. Cunningham*, 36 M.J. 1011 (A.C.M.R.1993) (even though the government withdrew from the pretrial agreement, the stipulation was not withdrawn from evidence and improperly used to support the providence inquiry on some offenses). In appellant's case, failure to withdraw the stipulation from evidence was error. The prosecution, however, proved the offenses of which appellant was found guilty by evidence independent from the stipulation of fact. Under these circumstances, we find the error harmless. *See* UCMJ art. 59(a), 10 U.S.C. § 859(a).

██ Military judges should be alert to this recurring problem. They should announce that the stipulation of fact is withdrawn from evidence or that they will not consider it for any purpose unless the accused consents to its use affirmatively on the record. Trial counsel should alert the military judge of the issue before error occurs at trial.

The error personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), is without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.

---

1. We also note that the portion of the charge sheet which indicates service of charges on the accused is blank. At trial, however, trial counsel announced that the charges had been served on the accused on 23 October 1992, a date three weeks before appellant's trial began. Appellant made no objection concerning the service of charges. Any error concerning service of charges and the waiting period required by Article 35, UCMJ, 10 U.S.C. § 835, was therefore waived. *See United States v. Garcia*, 10 M.J. 631 (A.C.M.R.1980). Trial counsel should insure completion of the service of charges portion of the charge sheet.