**UNITED STATES, Appellee,**

v.

**Private E2 Loren F. ALLGOOD, 570–87–1031, United States Army, Appellant.**

**ACMR 9202302.**

U.S. Army Court of Military Review.

15 July 1993.

Reconsideration Denied Aug. 16, 1993.

For Appellant: Captain Roy H. Hewitt, JAGC (argued); Major Fran W. Walterhouse, JAGC (on brief).

For Appellee: Captain Jane F. Polcen, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before CREAN, WERNER, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

CREAN, Senior Judge:

The appellant was found guilty, in accordance with his pleas, by a military judge sitting as a general court-martial, of attempted carnal knowledge, two specifications of absence without leave, and sodomy, in violation of Articles 80, 86, and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 886, and 925 (1988) [hereinafter UCMJ]. The appellant was sentenced to a bad-conduct discharge, confinement for eleven months, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority, pursuant to a pretrial agreement, approved the sentence as adjudged but suspended confinement in excess of seventy-seven days until 3 November 1993.

This case presents a very important issue for staff judge advocates, especially with base realignments and reductions in the Armed Forces. The appellant contends that the court-martial that convicted him did not have jurisdiction because it was improperly convened by the convening authority. We agree and set aside the findings of guilty and the sentence.

The initial facts are uncomplicated and present a common scenario in the Army. On 19 January 1981, the Secretary of the Army, pursuant to Article 22(a)(8), UCMJ, designated the Commander, United States Army Training Center and Fort Dix, a general court-martial convening authority. Colonel (COL) Michael Warner assumed command of the United States Army Training Center and Fort Dix from Major General (MG) Herrling on 3 September 1992. On 1 October 1992, the Training Center was redesignated as United States Army Garrison, Fort Dix. Colonel Warner remained in command of United States Army Garrison, Fort Dix. On 23 October 1992, the Secretary of the Army, pursuant to Article 22(a)(8), UCMJ, designated the Commander, United States Army Garrison, Fort Dix, a general court-martial convening authority. On 30 October 1992, COL Warner, in his capacity as Commander, United States Army Garrison, Fort Dix, referred the appellant's case to a general court-martial. In so doing, the charges were referred to the court-martial with panel members selected by MG Herrling and convened by Court–Martial Convening Order Number 1, dated 23 January 1992, United States Army Training Center and Fort Dix [hereinafter CMCO 1]. On 11 December 1992, COL Warner issued a Memorandum for Record, noting that prior to referring the appellant's case pursuant to CMCO 1, he adopted the panel selections of his "predecessor," MG Herrling.

A court-martial is a creature of statute, and, as a body or tribunal, it must be convened entirely in conformity with statute or it is without jurisdiction. *McClau-*

*ghry v. Deming,* 186 U.S. 49, 62, 22 S.Ct. 786, 791, 46 L.Ed. 1049 (1902); *United States v. Wilson,* 27 M.J. 555, 558 (A.C.M.R.1988). For a court to be properly convened, three requirements must be met: first, a convening authority authorized to convene the court; second, a court-martial convened by that convening authority; and third, preferred charges which have been received by the convening authority for disposition. Unless all three requirements are present, the court-martial has no jurisdiction. Rule for Courts–Martial 601 [hereinafter R.C.M.]; *United States v. Gaspard,* 35 M.J. 678, 680 (A.C.M.R.1992); *United States v. Choy,* 33 M.J. 1080, 1082 n. 1 (A.C.M.R.1992).

■■■■ A court-martial is properly convened when an authorized convening authority personally selects the members to sit as a court-martial.[1] The court-martial is created by a convening order of the convening authority. R.C.M. 504(a); *United States v. Stafford,* 25 M.J. 609, 610 (A.C.M.R.1987). The convening authority can convene the court either by selecting the members himself or by adopting the selections of a predecessor convening authority pursuant to R.C.M. 601(b). The predecessor convening authority provision provides for the orderly processing of courts-martial when commanders of units change. It is not meant for the adoption of courts convened by the commanders of other units. *Gaspard,* 35 M.J. at 680. Administrative defects in the convening of the court do not deprive the court-martial of jurisdiction. *United States v. Stinson,* 34 M.J. 233 (C.M.A.1992); *United States v. Gebhart,* 34 M.J. 189 (C.M.A.1992).

■■■■ When a command is discontinued, the commander loses his authority to convene courts-martial under the grant of authority from the Secretary of the Army. *United States v. Cases,* 6 M.J. 950, 952 (A.C.M.R.1979); *see United States v. Masterman,* 22 U.S.C.M.A. 250, 46 C.M.R. 250 (1973). Even when trial is by judge alone, jurisdiction does not survive a fundamental defect in the convening of the court. *Ryan,* 5 M.J. at 101.

When the Secretary of the Army redesignated the United States Army Training Center and Fort Dix as the United States Army Garrison, Fort Dix, the general court-martial convening authority of the Commander, United States Army Training Center and Fort Dix was terminated. The commander of the United States Army Garrison, Fort Dix, became a *new* general court-martial convening authority by the grant of authority from the Secretary of the Army on 23 October 1992, and was not a successor in command of the United States Army Training Center and Fort Dix.

We find that COL Warner did not personally select the members of the court-martial listed on CMCO 1.[2] As a new general court-martial convening authority, COL Warner had to convene a court-martial and could not adopt the court selected by MG Herrling by relying on the provisions of R.C.M. 601(b).[3] We further find that COL Warner and his staff judge advocate erroneously used the predecessor provision of R.C.M. 601(b) to convene a court-

1. Convening is the same as appointing. *See* W. Winthrop, Military Law and Precedents, p. 57, n. 2 (2d ed. 1920 reprint); *United States v. Choy,* 33 M.J. 1080, 1082 n. 1 (A.C.M.R.1992), *citing United States v. Ryan,* 5 M.J. 97, 100–01 (C.M.A. 1978); *United States v. Wilson,* 27 M.J. 555, 558 (A.C.M.R.1988).

2. CMCO 1 was on the letterhead of the "United States Army Training Center and Fort Dix," by order of MG Herrling. The disposition on the date of referral of the court members selected by MG Herrling and listed on CMCO 1 is evidence that Colonel Warner did not personally select the members on that order. There were nine primary officer members but only three were still at Fort Dix. Of the four alternate officer members, only one was still at Fort Dix (a total of four of thirteen officer members). Of the four primary enlisted members on CMCO 1, only one remained at Fort Dix. Of the four alternate enlisted member, three were still at Fort Dix (a total of four of eight enlisted members).

3. The Judge Advocate General has provided excellent guidance for staff judge advocates when a military organization is redesignated, reorganized, or otherwise changes its name. *See* Dep't of the Army Pam. 27–174, Legal Services: Jurisdiction, 25 September 1986. Staff judge advocates should be familiar with the provisions of that pamphlet.

martial for the new convening authority granted to the Commander, United States Army Garrison, Fort Dix. Since COL Warner never selected members in convening the court-martial, the second jurisdictional requirement was not present and the appellant's court-martial did not have jurisdiction to try him.

In the circumstances herein, COL Warner could have selected his own court-martial either by selecting those members previously chosen by MG Herrling after examining their qualifications and determining that they met the criteria of Article 25, UCMJ; or he could have selected an entirely new panel of members that he determined met the requirements of Article 25, UCMJ.

Since the court that found the appellant guilty and sentenced him did not have jurisdiction to try the appellant, he has not been put in jeopardy for any offense and may be retried for the offenses of which he was convicted. R.C.M. 907(c)(iv). If the appellant is retried, the maximum punishment will be limited to the sentence adjudged at trial. *United States v. Lawson*, 34 M.J. 38 (C.M.A.1992).

The findings of guilty and the sentence are set aside. An other trial may be ordered by the same or a different convening authority.

Judge WERNER and Judge GONZALES concur.