UNITED STATES, Appellee,

v.

Sergeant Kevin J. McKILLOP,
199–44–7941, United States
Army, Appellant.

ACMR 9202462.

U.S. Army Court of Military Review.

10 Nov. 1993.

Reconsideration Denied Jan. 5, 1994.

For Appellant: Captain Roy H. Hewitt, JAGC (argued), Major Fran W. Walterhouse, JAGC (on brief).

For Appellee: Captain Jane F. Polcen, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before GRAVELLE, JOHNSTON and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSTON, Judge:

The appellant was tried at Fort Dix, New Jersey, in November 1992 by a military judge sitting as a general court-martial. Consistent with his pleas of guilty, he was convicted of absence without leave from 7 February 1990 to 20 November 1991, two specifications of larceny of government funds, and false swearing in violation of Articles 86, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. 886, 921, and 934 (1988) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for thirty months, total forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority suspended for eighteen months all confinement in excess of fifteen months and otherwise approved the sentence.

The primary issue on appeal concerns the jurisdiction of a court-martial when charges were referred and re-referred to trial by a general court-martial convening authority whose command was redesignated by the Secretary of the Army, but whose authority to convene general courts-martial may not have been clear until General Orders were published several weeks later. We have concluded that the trial was conducted free of jurisdictional defects or other errors affecting the substantial rights of the appellant.

The appellant was divorced from his wife in 1984 and never remarried. While assigned to Korea in 1986, he submitted the necessary paperwork to receive a family separation allowance and variable housing allowance to which he was not entitled.

He wrongfully received approximately $15,000.00 in government funds for the allowances. The appellant departed Korea on 7 February 1990 without authority and was apprehended in Puerto Rico on 19 November 1991. Ultimately he was transferred to Fort Dix to answer for his misconduct. Although he pleaded guilty to several charges pursuant to a pretrial agreement, base realignment and restructuring at Fort Dix gave rise to the convoluted command and jurisdictional situation that created the issues before this court.

■ In 1981, pursuant to the authority of Article 22(a), UCMJ, the Secretary of the Army designated the commanding officer of the "US Army Training Center & Fort Dix" [hereinafter USATC & Fort Dix] as a general court-martial convening authority. The convening authority in this case assumed command of the "US Army Training Center and Fort Dix (W1DCAA), Fort Dix, New Jersey" [1] on 3 September 1992. At the time he assumed command, General Court–Martial Convening Order Number 1, "Headquarters, United States Army Training Center and Fort Dix," dated 23 January 1992 [hereinafter GCMCO No. 1, USATC & Ft. Dix] remained in effect.

On 1 October 1992, the Secretary of the Army redesignated the "United States Army Training Center and Fort Dix (W1DCAA)" as the "United States Army Garrison, Fort Dix (W1DCAA)" [hereinafter USAG, Ft. Dix] and transferred it from the command of the Commanding General, United States Army Training and Doctrine Command to the Commander-in-Chief, Forces Command. The Secretary of the Army designated the Commander, USAG, Ft. Dix as a general court-martial convening authority effective 23 October 1992.

On 20 November 1992, the charges in this case were referred to a general court-martial convened by General Court–Martial Convening Order No. 1, USATC & Ft. Dix. On 23 November 1992, GCMCO No. 1, USAG, Ft. Dix [hereinafter GCMCO No. 1, USAG] was promulgated. The new convening order included the following instructions:

All cases referred to the general court-martial convened by Order Number 1, Headquarters, U.S. Army Training Center and Fort Dix, Fort Dix, New Jersey, dated 23 January 1992, in which arraignment has not been held, will be brought to trial before the court-martial hereby convened.

The appellant contends that his court-martial did not have jurisdiction over him because the charges were referred improperly to a court convened by another command. In the appellant's view, the command USATC & Fort Dix ceased to exist on 1 October 1992. In addition, the appellant contends that GCMCO No. 1, USATC & Ft. Dix, became inoperative on that date; the purported referral of his case on 20 November 1992 to GCMCO No. 1, USATC & Ft. Dix was a legal nullity; and, because his case was never properly referred to a general court-martial, the purported re-referral to GCMCO No. 1, USAG, was likewise without legal effect. We disagree.

The appellant's argument is based on an incorrect understanding of the legal effect of redesignation on a unit of the Army. The Glossary of Army Regulation 220–5, Designation, Classification, and Change in Status of Units, (3 Oct. 1991) [hereinafter AR 220–5] defines "redesignate" as meaning "[t]o change a unit's official number and/or name." This regulatory definition is materially different from "discontinue," which is defined as the action taken "[t]o terminate the existence of a TDA or provisional unit." The Court of Military Appeals has rejected the argument that the organization or composition of units under a commander designated as a general court-martial convening authority affects the exercise of such authority. *See United States v. Masterman*, 22 U.S.C.M.A. 250, 46 C.M.R. 250 (1973). Under the provisions of Article 22(a)(8), UCMJ, the Secretary of the Army designates a *commanding officer* as a general courts-martial convening authority. While the practical justification

---

1. "W1DCAA" is the Unit Identification Code or UIC. The code is used to identify units of the Army regardless of their formal name and organization.

for continuing that status may cease when the commanding officer's command is reorganized or reduced in strength, the designation as a convening authority under the provisions of Article 22(a), UCMJ, continues until the Secretary of the Army withdraws the designation or the command ceases to exist. A unit may cease to exist because of action taken to "consolidate," "disband," "discontinue," or "inactivate" the unit. *See* AR 220–5. Applying these definitions to the action of the Secretary of the Army in redesignating the command at Fort Dix, we conclude that only a name change was involved.[2]

The appellant cites *United States v. Allgood*, 37 M.J. 960 (A.C.M.R.1993), to support his contention. In that case, another panel of this court concluded that the general court-martial convening authority of the Commander, USATC & Ft. Dix, was terminated when the Secretary of the Army redesignated the command as USAG, Ft. Dix.[3]

We need not decide whether *Allgood* conflicts with our holding in this case. We note an important difference between the cases: the existence in this case of the additional general court-martial convening order, GCMCO No. 1, USAG, from the Commander, USAG, Fort Dix. The facts in our case show clearly that the convening authority intended to refer the appellant's case to trial under the authority of that order, even if there was a question about the attempted referral to GCMCO No. 1, USATC & Ft. Dix.

The record of trial indicates that the parties thought the court-martial was convened by both orders. In addition, the military judge attempted to explain on the record the significance of the two orders. Based on this guilty plea record, we are satisfied there is no issue of court-martial jurisdiction over the appellant.

One additional issue concerning referral deserves comment. The appellant contended during argument that even if the 23 November 1992 general court-martial referral was proper, he was deprived of a substantial right at trial on 24 November 1992 when the military judge failed to advise him under the provisions of Article 35, UCMJ, that he could not be tried over his objection within five days of that referral. In the appellant's view, the military judge's error precluded him from exercising his right to prepare his case and to examine the background of the newly selected members in order to make an intelligent forum selection. We reject this contention.

This court has previously noted that an error by the military judge in failing to advise properly an accused of his Article 35, UCMJ, rights is not prejudicial when an accused indicates at trial that he is ready to proceed. *See United States v. Garcia*, 10 M.J. 631 (A.C.M.R.1980). The purpose of Article 35, UCMJ, is to "provide a ground which could be invoked [by an accused] to secure a continuance." *Id.* at 633. In this case the military judge advised the appellant that under the provisions of Article 35, UCMJ, that he could not be brought to trial over his objection within five days of the referral on 20 November 1992. The judge did not mention the re-referral on 23 November 1993. Just as in *United States v. Kyles*, 20 M.J. 571 (N.M.C.M.R.1985), the appellant never asked for a delay or indicated that he was unready or uncertain about proceeding.

In this case the military judge told the appellant that he could "take as long as you need and talk to [defense counsel], get the benefit of his wisdom, and let me know what you want to do concerning the offenses." After consultation with counsel, the appellant elected to proceed with trial.

---

**2.** In this case the second designation of the commander as a general courts-martial convening authority after a mere name change was unnecessary as a matter of law. An important lesson from this case is for staff judge advocates to ensure that their commander's powers as a convening authority are not in doubt during base realignment and restructuring. A clarification of court-martial convening authority should be obtained at the same time as the redesignation of the unit. *See* Army Reg. 27–10, Legal Services: Military Justice, para. 5–2a(1) (22 Dec. 1989).

**3.** The opinion did not address the definitions contained in AR 220–5.

Assuming arguendo that the military judge advised the appellant about the wrong five-day period, nevertheless, the appellant indicated he wished to proceed. Under these circumstances, we see no error prejudicial to the appellant's rights.

We have reviewed the additional errors raised by appellate defense counsel and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge GRAVELLE and Judge BAKER concur.