**UNITED STATES, Appellee,**

v.

**Private First Class Michael L. BIANCHI, 039–40–9556, United States Army, Appellant.**

**ACMR 8700225.**

U.S. Army Court of Military Review.

26 Oct. 1987.

---

**2.** If a sentence rehearing is held, a new post-trial recommendation, as well as a new action, will be required.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Brendan F. Flanagan, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of conspiracy, larceny, making a false sworn statement, and two specifications of violation of a lawful regulation. He was sentenced to a dishonorable discharge, confinement for thirty months and reduction to Private E–1. The convening authority approved the sentence.

Appellant alleges that the trial court was without jurisdiction to try him once the convening authority referred the court-martial to a panel selected by another convening authority. Further, he alleges that the military judge erred by failing to find multiplicious for findings the two specifications alleging violation of a lawful regulation by illegally transferring duty-free goods and purchasing goods for illegal transfer, respectively. We disagree with the first assignment of error but agree with the latter.

Court-Martial Convening Order (CMCO) Number 15 was published on 21 October 1986 pursuant to the order of Major General (MG) Luck. Major General Farris succeeded MG Luck in command and referred appellant's charges for trial by court-martial convened by CMCO Number

15 as amended by CMCO Number 19. Court-Martial Convening Order Number 19 was published on 23 October 1986 pursuant to the order of MG Farris.[1] Appellant contends that the court lacked jurisdiction because the convening authority, MG Farris, failed to determine personally the composition of the court, citing *United States v. Newcomb*, 5 M.J. 4 (C.M.A.1978), *United States v. Ryan*, 5 M.J. 97 (C.M.A.1978), and Article 25(d)(2), Uniform Code of Military Justice, 10 U.S.C. § 825(d)(2) (1982). We believe that this question is separate from the issue of selection of court personnel.[2] We believe that Rule 601(b) is dispositive of the issue before us. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 601(b) [hereinafter cited as R.C.M.] It provides that, "Any convening authority may refer charges to a court-martial convened by that convening authority *or a predecessor*, unless the power to do so has been withheld by superior competent authority" (emphasis added). Applying the rule to this case, we find that MG Luck was MG Farris' predecessor. We further find no evidence that the power to convene courts-martial was withheld by superior competent authority. Thus, we hold that, under the provisions of R.C.M. 601(b), the court-martial had jurisdiction to try appellant even though the convening authority referred the court-martial to a panel selected by his predecessor.[3]

■ Assuming arguendo that the court members were improperly selected, this court has held in similar cases that the convening authority adopted or ratified the membership of the court-martial. *United States v. England*, 24 M.J. 816 (A.C.R.M.

1987); *United States v. Alvarez*, 5 M.J. 762, 763 (A.C.M.R.), *petition denied*, 5 M.J. 369 (C.M.A.1978); *United States v. Richardson*, 5 M.J. 627, 630 (A.C.M.R.1978); *United States v. Sandall*, 45 C.M.R. 660 (A.C.M.R.), *petition denied*, 45 C.M.R. 928 (C.M.A.1972). We hold that MG Farris' actions directing the case be tried by general court-martial convened by CMCO Number 15 as amended by CMCO Number 19, and his action in approving the findings and sentence of the court-martial, ratified his predecessor's selection of court members.

■ As to the remaining assignment of error, the government concedes that the specification alleging a violation of a lawful regulation by illegal transfer of duty-free goods and the specification alleging a violation of a lawful regulation by purchase of goods for illegal transfer are multiplicious for findings. The facts are, that pursuant to an agreement, a Korean National, the ubiquitous Mr. Kim, drove appellant to various post exchanges where appellant purchased seventeen video cassette recorders (VCRs) with money supplied by Mr. Kim. It appears that immediately after the purchases, appellant gave the VCRs to Mr. Kim. Considering these circumstances and the government concession that the specifications are multiplicious, we will resolve the issue in favor of appellant and consolidate the specifications.[4] We find appellant suffered no prejudice, however, because the military judge held the specifications multiplicious for sentencing.

Specifications 1 and 2 of Charge III are consolidated as the Specification of Charge III to read as follows:

---

1. Court-Martial Convening Order Number 19 detail one officer to the court and relieves another officer.

2. This case is distinguishable from *United States v. Jette*, 25 M.J. 16 (C.M.A.1987), where the issue was whether the officer who convened the court was properly in command. Here, there is no question that the convening authority was properly in command.

3. This case is distinguishable from *United States v. Harrington*, 23 M.J. 788 (A.C.M.R.1987), where an interloper purported to refer the charges and specifications to a court-martial. It

appears that *Harrington* may well be viable, even in light of *Jette*. The issue of command was raised at trial in *Harrington*. *Cf. Jette*, 25 M.J. at 18 ("We note that no question was raised at trial concerning the authority of Colonel Kimball to act in this case."); *Cf. also Jette*, 25 M.J. at 19 (Chief Judge Everett concurring) ("If the issue had been raised at trial, I might be more sympathetic to the accused's cause").

4. It appears to this court that appellant may have had the opportunity to reconsider and abandon his criminal course of conduct but did not do so. *See United States v. Abendschein*, 19 M.J. 619, 621 (A.C.M.R.1984).

In that Private First Class Michael L. Bianchi, U.S. Army, Company C, 702d Maintenance Battalion, Division Support Command, 2d Infantry Division, did, at various Army and Air Force Exchanges at U.S. Military Installations throughout the Republic of Korea, located outside the territorial limits of the United States, between on or about 12 October 1986 and on or about 17 October 1986, violate a lawful general regulation, to wit: Paragraph 39j United States Forces Korea Regulation 60–1, dated 25 February 1985, and paragraph 18a(1), United States Forces Korea Regulation 27–5, dated 20 May 1986, respectively, by wrongfully purchasing duty-free goods or tax-free goods of Korean origin for illegal transfer and production of income through sale and by wrongfully transfer-ring to an unauthorized person such goods; said goods included seventeen video cassette recorders of a total value of about $3,356.00.

The assignment of error personally raised by appellant is without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.