**UNITED STATES, Appellee,**

v.

**Private E-1 Keith N. STAFFORD, 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, United States Army, Appellant.**

**No. ACMR 8700415.**

U.S. Army Court of Military Review.

6 Nov. 1987.

---

For appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Stephanie C. Spahn, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a special court-martial. Pursuant to his pleas, he was found guilty of absence without leave and wrongful appropriation. He was sentenced to a bad-conduct discharge, confinement for four months, and forfeiture of $438.00 pay per month for four months. The convening authority approved the sentence.

Appellant alleges that the court-martial was without jurisdiction to try him because the convening authority did not properly ratify a panel selected by another convening authority. We hold that the court-martial had jurisdiction to try appellant.

In a document entitled "Advice on Disposition of Court–Martial Charges," the staff judge advocate recommended trial by special court-martial empowered to adjudge a bad-conduct discharge. Because the panel members selected to hear cases during this time period had a companion case tried before them, the staff judge advocate also recommended that alternate panel members be detailed. He stated that the staff judge advocate's office would prepare and execute appropriate documents and orders. The acting commander approved the recommendation. The panel members and alternates had been properly selected by the regular convening authority prior to appellant's trial. Further, in resolving the issue before us, we will assume that the staff judge advocate's office failed to prepare and execute the appropriate documents and orders since the record indicates that the charges and specifications were referred for trial to the court created by Court–Martial Convening Order Number 55. The latter convening order contains the names of the original panel members but not those of the alternates. Appellant, however, pursuant to his request, was tried by military judge alone.

We do not believe that this is a case of failure to ratify the selection of court members as alleged by appellant. It is true that failure of a convening authority to determine personally the composition of the court is fatal to court-martial jurisdiction. *United States v. Newcomb*, 5 M.J. 4 (C.M.A.1978). A court-martial is created by a convening order. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial (hereinafter R.C.M.) 504. If the order contains a fundamental defect, however, it is negated and no court exists. *United States v. Ryan*, 5 M.J. 97, 101 (C.M.A.1978). Jurisdiction does not survive a fundamental defect in an order appointing court members where trial is by judge alone. *See Ryan*, 5 M.J. at 101; *United States v. England*, 24 M.J. 816 (A.C.M.R. 1987). Any convening authority may refer charges to a court-martial convened by that convening authority or his predecessor.

*United States v. Bianchi,* 25 M.J. 557 (A.C.
M.R.1987); R.C.M. 601(b).

■ In the case before us, the convening
authority or his predecessor personally se-
lected the composition of the court-martial
to include alternate members. Hence, we
find no fundamental defect in the order.
The selection of members or composition of
the court-martial did not require rat-
ification. The officers selected as court
members were not disqualified *per se* from
hearing appellant's case but were subject
to challenge. We interpret the staff judge
advocate's advice as recognizing the prob-
lem and recommending that the alternate
members be *added* to the court-martial or-
der. Otherwise, he would have used the
term "vice", replace or other term of sim-
ilar meaning. Thus, we find a mere irregu-
larity in the referral of the charges and
specifications. The staff judge advocate
simply failed to prepare and execute the
appropriate documents and orders in ac-
cordance with his advice and the acting
convening authority's instructions.[1] Ac-
cordingly, we hold that failure of the staff
judge advocate to prepare and execute or-
ders adding properly selected alternate
members to the court-martial was a mere
irregularity and did not deprive it of juris-
diction.

The assignments of error, to include the
allegation of error personally raised by ap-
pellant, are without merit.

The findings of guilty and the sentence
are affirmed.

Chief Judge HOLDAWAY and Judge
CARMICHAEL concur.

1. We believe this court could return the case to
the convening authority for publication of a
written order under the provisions of Manual
for Courts–Martial, United States, 1984, Rule for
Courts–Martial 505(b), which provides in part,
"[a]n order changing the members of the court-
martial, except one which excuses members
without replacement, shall be reduced to writ-
ing before authentication of the record of trial."
Because we find that the acting convening au-
thority's approval and the staff judge advocate's
written recommendation sufficient to satisfy
R.C.M. 505(b), we choose not to return the case.
This is not an "eleventh hour affidavit" created
to save an "otherwise sinking record." *See Unit-
ed States v. Perkinson,* 16 M.J. 400, 402 (C.M.A.
1983); *United States v. Ware,* 5 M.J. 24 (C.M.A.
1978); *but see United States v. Carey,* 49 C.M.R.
605 (C.M.A.1975). We caution those respon-
sible, however, to fully comply with R.C.M.
505(b).