UNITED STATES, Appellee,

v.

Private E1 Ronald S. WHITFIELD,
280–72–2831, United States
Army, Appellant.

ACMR 9100615.

U.S. Army Court of Military Review.

29 June 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Robert Lane Carey, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kenneth T. Grant, JAGC, Captain Sheila E. McDonald, JAGC (on brief).

Before De GIULIO, HAESSIG, and ARKOW, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Con-

trary to his pleas, he was found guilty of assault with a means or force likely to produce grievous bodily harm (fists) and theft of services, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for 18 months, and forfeiture of $500.00 pay per month for 18 months. The convening authority approved the sentence.

Appellant alleges that the evidence is insufficient to support the findings of guilty of aggravated assault because he did not use force likely to inflict grievous bodily injury, that he was unfairly prejudiced by failure to join all known charges in a single trial, that he was denied effective post-trial assistance of counsel, and that he is entitled to a new pretrial advice and post-trial recommendation because those documents improperly reference his race. In related assertions, appellant also asserts that the court was without jurisdiction to prosecute him and that the failure to include the court-martial convening order, dated 14 November 1990, in the record of trial renders the record incomplete and results in a nonverbatim transcript. We find these assertions without merit and affirm the findings of guilty and the sentence.

Appellant employed a taxi to take him from Wiesbaden to Mainz in Germany. Upon the taxi's arrival at the address given by appellant, appellant indicated that he did not have sufficient money to pay the fare but would borrow the money from a friend inside the building. The taxi driver accompanied appellant to the building. To gain entry to the building, appellant was required to alert a resident by a buzzer. On his first attempt, the resident stated that she did not know him. Subsequently, a resident mistakenly thought appellant was one "Martin" and permitted access to the building. After appellant and the taxi driver took two flights of stairs, appellant insisted on using the elevator. While waiting for the elevator, the taxi driver received a blow to the head causing him to fall to the floor. Appellant then struck the driver eight to thirteen times on the head with his fists. After a struggle, appellant

ran away but lost his shoe. Later, appellant was apprehended for an unauthorized absence. He implicated himself in the incident with the taxi driver which was being investigated by German police. He was tried by special court-martial for two unauthorized absences, found guilty and sentenced to a bad-conduct discharge, confinement for two months, forfeiture of $200.00 pay per month for two months, and reduction to Private E1. Later, appellant was tried by a second court-martial for the charges now before us.

## I.

■ Appellant asserts that, in this case, the evidence of the use of fists alone is not sufficient to prove the use of force likely to inflict death or grievous bodily harm. He emphasizes that the injuries to the taxi driver were only minor "such as a bruise, slight swelling, and a small cut on the head not requiring stitches or other medical treatment." On the other hand, government appellate counsel contends that it is not the injuries inflicted that is controlling but whether the means or force used was *likely* to produce grievous bodily harm. Government counsel further contend that this is a factual determination which has been decided against appellant and which should not be disturbed.

It has long been held that fists can be a means or force likely to produce grievous bodily harm. *United States v. Vigil*, 13 C.M.R. 30 (C.M.A.1953); *United States v. Keene*, 50 C.M.R. 217 (A.C.M.R.1975). The nature of the particular means or force is important but not conclusive. *Vigil*, 13 C.M.R. at 32. "The crucial question is whether its use, under the circumstances of the case, is likely to result in death or grievous bodily harm.... Persuasive evidence upon this question is found in the nature of the means or force itself, the manner of its use, the parts of the body toward which it is directed, and where applicable, the extent of the injuries inflicted." *Vigil*, 13 C.M.R. at 32–33 (citations omitted).

In the case before us, the victim was initially hit in the head causing him to fall to the floor. He was then struck repeatedly in the head by appellant with his fists. The extent of the injuries are not factually controlling. *See United States v. Johnson*, 30 M.J. 53 (C.M.A.1990). From the evidence, we conclude that the purpose of the assault with fists was to render the victim incapable of resisting appellant's escape or giving chase. Under the circumstances of this case, we are convinced that the appellant's fists were a means or force likely to produce death or grievous bodily harm.

Testing for legal sufficiency, viewing the evidence in a light most favorable to the government, we hold that a reasonable factfinder could have found all essential elements of the offense beyond as reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Testing for factual sufficiency, after weighing the evidence of record and making allowances for not having seen or heard the witnesses, we are convinced beyond a reasonable doubt of appellant's guilt of the aggravated assault. *See* UCMJ art. 66(c), 10 U.S.C. § 866(c); *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

## II.

■ Appellant asserts that he was unfairly prejudiced by the failure to join all known charges in a single trial.

Manual for Courts–Martial, United States, 1984 [hereinafter MCM, 1984], Rule for Courts–Martial 307(c)(4) [hereinafter R.C.M.], provides, "Charges and specifications alleging all known offenses by an accused may be preferred at the same time." R.C.M. 601(e)(2) provides, "In the discretion of the convening authority, two or more offenses against an accused may be referred to the same court-martial for trial, whether serious or minor or both, regardless of whether related." The use of the words "may" and "in the discretion" leads us to conclude that trial of an accused for all known offenses at a single trial is not mandatory. We recognize the policy that ordinarily all known charges should be tried at a single trial; and, once joined at a single trial, severance should only be permitted to prevent a manifest injustice. *See* R.C.M. 906(b)(10) and discussion; R.C.M. 906(b)(10) analysis, MCM, 1984, app. 21 at A21–50.

It is noted that at his trial appellant moved to have the charges and specifications dismissed for lack of speedy trial, contending that the government was in possession of substantial information concerning these offenses but did not prefer charges until after appellant's first trial was concluded. In his findings of fact on the speedy trial issue, the military judge found that the unit commander was not in possession of substantial information in time to have reasonably investigated these offenses and follow required procedures in order to bring the new charges before the prior court-martial. He concluded that the government acted diligently in bringing the charges now before us to trial. The military judge's findings are also pertinent to the issue now before us. We further note that appellant did not request that all offenses be tried at the same trial. His tactic is evident. He elected to move for dismissal of these charges for lack of speedy trial. Having made the election, appellant should not benefit from his tactic. We hold that the government was not required to join all charges at one trial, under the circumstances of this case.

## III.

■ Appellant further asserts that he was denied effective post-trial assistance of counsel, thereby losing any realistic hope for clemency. In support of his allegation, appellant has submitted his affidavit in which he swears that counsel never told him of his right to submit a written statement to the convening authority in clemency matters, that he did not know of this right until he arrived at the confinement facility at Fort Knox, that his counsel unreasonably requested that the convening authority dismiss everything, and that counsel's pregnancy affected her performance. In an affidavit admitted before this Court, trial defense counsel stated that appellant knew of his right to submit clemen-

cy matters and that appellant was advised of this right after his first court-martial and this trial. Appellant further signed documents that he understood his post-trial rights and acknowledged to the military judge that he understood them. Trial defense counsel stated that appellant was convinced that he was not guilty of the offenses and wanted the charges and specifications dismissed and the sentence disapproved. She prepared post-trial submissions accordingly. She further stated that she had been in her fifth month of pregnancy, that her pregnancy did not deter appellant from requesting her as counsel, and that she spent late evenings and weekends preparing his defense.

After reviewing both affidavits and the record of trial, we find trial defense counsel's affidavit most credible. We hold her representation of appellant was not ineffective. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### IV.

■ Appellant asserts that he is entitled to a new pretrial advice and post-trial recommendation because those documents improperly reference appellant's race. It is error to reference an accused's race in the pretrial advice and post-trial recommendation. *United States v. Brannon,* 33 M.J. 179 (C.M.A.1991) (interlocutory order); *United States v. Brice,* 33 M.J. 176 (C.M.A. 1991) (summary disposition). We find, however, that the error was harmless.

### V.

■ In related assertions of error, appellant contends that the court-martial was without jurisdiction to prosecute him, and that the failure to include a court-martial convening order dated 14 November 1990 in the record of trial renders the record incomplete and results in a nonverbatim transcript.

In his pretrial advice, the staff judge advocate recommended that the charges and their specifications be tried by general court-martial. He also recommended that the convening authority "detail those members selected by you on 14 November 1990 to serve as members of the Baumholder general court-martial panel with any subsequent modifications." The convening authority approved the recommendations. On the referral portion of the charge sheet, the charges and specifications were referred to a general court-martial convened by General Court–Martial Convening Order Number 70, dated 19 November 1990. At trial, trial counsel announced that the court was convened by General Court–Martial Order Number 70, dated 19 November 1990. Appellant raises this issue for the first time before us.

■ We are satisfied that the staff judge advocate's recommendation contains a typographical error. Mere irregularities in referral do not deprive a court-martial of jurisdiction. *See United States v. Stafford,* 25 M.J. 609, 611 (A.C.M.R.1987). We are satisfied that the typographical error is a mere irregularity. Even assuming the error resulted in a defective referral, it does not deprive the court-martial of jurisdiction; the basic requirements of referral were met. *See United States v. King,* 28 M.J. 397 (C.M.A.1989); *United States v. Glover,* 15 M.J. 419 (C.M.A.1983); *United States v. Emerson,* 1 C.M.R. 43 (C.M.A. 1951). Additionally, appellant waived the defective referral by failing to challenge it at trial. *See United States v. Murray,* 25 M.J. 445, 449 (C.M.A.1988). Because we have determined that the error in the pretrial advice was typographical, we are satisfied that the record is complete and is a verbatim transcript.

The assertions of error, to include the error personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge ARKOW concur.