UNITED STATES, Appellee,

v.

Specialist Joseph M. GASPARD, 433–11–2528, United States Army, Appellant.

ACMR 9102488.

U.S. Army Court of Military Review.

28 Aug. 1992.

For Appellant: Captain Edward T. Keable, JAGC, Captain Jeffrey J. Fleming, JAGC, USAR (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC (on brief).

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was found guilty of carnal knowledge and sodomy with a child under the age of sixteen, in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 925 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for six months, forfeitures of $500.00 pay per month for six months, and reduction to Private E1. The convening authority approved the sentence.

Before this Court, appellant alleges that the court-martial lacked jurisdiction over his case because it was not convened by the convening authority or his predecessor. We find that appellant's assertion is closely connected to the question of whether the convening authority properly selected the court members. We also find that we have insufficient information to determine whether the selection process was proper and therefore return the case for a limited hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A.1967).

Appellant was assigned to C Battery, 21st Field Artillery located at Fort Polk, Louisiana, a unit under the general court-martial jurisdiction of the Commanding General, 5th Infantry Division (Mechanized) and Fort Polk, Fort Polk, Louisiana.

The accused's record of trial reflects that the Commander, Headquarters, Fort Hood, Texas, referred the charges and specifications to trial. The referral section on the charge sheet reads, "Referred for trial by general court-martial convened by Court–Martial Convening Order Number 20, *Headquarters 5th Infantry Division (Mech) and Fort Polk*, dated 19 July 1991, subject to the following instructions: None. By COMMAND of LIEUTENANT GENERAL TAYLOR ..." (emphasis added). At trial, the trial counsel announced that the court-martial was convened by Court–Martial Convening Order Number 20, Headquarters, 5th Infantry Division (Mech), Fort Polk. Subsequently, the following colloquy occurred:

MJ: [W]ho referred this case to trial?

TC: Yes, sir, it went to Fort Hood and it was—General Taylor is the Convening Authority on it and Colonel [F].... Colonel [F] from the SJA Office over at Fort Hood.

MJ: Okay, this case was referred by the Corps Commander?

TC: Yes, sir, it was. We originally had as the Convening Authority General Crouch [Commander, 5th Infantry Division (Mech)] and subsequently moved General Crouch from that position, and requested that General Taylor be the Convening Authority.

MJ: Well, had the case—hadn't been referred prior to—

TC: No, sir, it was not. It was referred—

MJ: [W]ell, I know that General Taylor is the Corps Commander but he referred this case in his capacity as the Commander of Headquarters, Fort Hood. Was General Crouch for some reason disqualified?

TC: Yes, he was, Your Honor.

MJ: What happened?

TC: He talked to the victim's parents in the case.

MJ: And what did he do? Because he ... thought he was impermissibly involved, he asked the Corps Commander to take over?

TC: Yes, yes, sir, that's what happened.
MJ: Probably, the Corps Commander should have ... referred this as a Corps Commander as opposed to a Head-quarters, Fort Hood Commander, but I guess the Corps Commander can send it to somebody else anyhow. Now, can the Corps—can General Taylor refer this case to an order convened by the 5th Infantry Division Commander?"

After discussions concerning Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 601(b) [hereinafter R.C.M.], it was determined that this action was similar to that involving a predecessor in command. The military judge caused the staff judge advocate's pretrial "AC-TION MEMORANDUM" to be attached to the record as an appellate exhibit. That document gives no explanation to the convening authority as to why he, rather than the Fort Polk Commander, is referring the charges and specifications. It recommends trial by general court-martial. It further recommends that the case be referred to "Court–Martial Convening Order Number 20, Headquarters 5th Infantry Division (Mech) and Fort Polk, dated 19 July 1991."

Next, the military judge questioned whether the Fort Hood Commander person-ally selected the court members. Assistant trial counsel responded:

"Sir, we were requested by Colonel [F] to provide the convening—a panel for the III Corps Commander to assign the case to. That's as far as it went with us. I mean, *to say that he personally selected those members that probably does not follow from that*, that he was aware of who the members were, that he wished the case referred to them is what we have here. He knew the panel that we were using because he asked us to give him a panel number and a list of the panel members and that was actually the Chief of Justice that I spoke to over at III Corps, not Colonel [F]. He was the one that made the telephonic request." (emphasis added).

The military judge concluded that the members had been selected by the Com-mander of the 5th Infantry Division (Mech).

He further found that the Fort Hood Com-mander adopted those selections and that the process used was "barely legally suffi-cient." The basis for his ruling appears to have been the predecessor in command pro-vision of R.C.M. 601.

 R.C.M. 601(b) provides, in part, "Any convening authority may refer charges to a court-martial convened by that convening authority or a predecessor...." We believe that the provision was intended to provide for the orderly processing of courts-martial when commanders of units change. *See United States v. Bianchi*, 25 M.J. 557 (A.C.M.R.1987). We do not be-lieve the provision was intended for the adoption of courts convened by sitting com-manders of other units. We hold that the predecessor provision of R.C.M. 601(b) does not apply in this case and is limited to its intended purpose.

 We now must determine whether the charges were properly referred and whether this court-martial had jurisdiction to try appellant. A court-martial has juris-diction if it is convened by an official em-powered to convene it, is composed in ac-cordance with rules in respect to the num-ber and qualifications of its personnel, each charge before it is referred to it by compe-tent authority, the accused is subject to the UCMJ, and the offense is subject to court-martial jurisdiction. R.C.M. 201(b)(1)–(5). *See United States v. Blaylock*, 15 M.J. 190, 192 (C.M.A.1983). The requirement of proper referral is in question in this case. As this Court has stated:

'Referral' is the order of a convening authority that charges against an ac-cused will be tried by a *specified* court-martial. Proper referral of charges to a court-martial requires three elements: (1) a convening authority authorized to convene the court; (2) preferred charges which have been received by the conven-ing authority for disposition; and, (3) a court-martial convened by that convening authority.

*United States v. Choy*, 33 M.J. 1080, 1082 n. 1 (A.C.M.R.1992) (citations omitted). A properly "convened" court-martial requires the convening authority to personally se-

lect the court members and failure to do so is jurisdictional error. *United States v. Ryan,* 5 M.J. 97, 101 (C.M.A.1978); *United States v. England,* 24 M.J. 816, 818 (A.C.M.R.1987), review denied, 25 M.J. 483 (C.M.A.1987). Administrative defects in the referral process, on the other hand, do not deprive a court-martial of jurisdiction. *United States v. Stinson,* 34 M.J. 233 (C.M.A.1992); *United States v. Gebhart,* 34 M.J. 189 (C.M.A.1992). Further, a convening authority may rely on his staff and subordinate commanders in compiling a list of eligible court members. *United States v. Kemp,* 46 C.M.R. 152 (C.M.A.1973). Thus it has been held that he may appoint members from another command suggested by a convening authority of that other command so long as he selects them personally and complies with UCMJ art. 25(d)(2), 10 USC § 825(d)(2). *See United States v. May,* 50 C.M.R. 416 (N.C.M.R. 1975).

■ In the case before us, it appears that the convening authority adopted the court member selections of another convening authority. Indeed, the assistant trial counsel's comment indicates that the convening authority did not personally select the members. The comment by the assistant trial counsel casts doubt on whether the convening authority selected these members using the criteria set forth in UCMJ art. 25. We are convinced that, if the convening authority at Fort Hood did not personally select the individual members, the convening of this court-martial is fatally flawed. We do not believe that the record developed the facts sufficiently for us to make that determination. Therefore, we shall return the case for a limited hearing pursuant to *United States v. DuBay,* 37 C.M.R. 411 (C.M.A.1967) for that purpose.

■ This case highlights several problems compelling comment. First, the con-

vening authority at Fort Polk disqualified himself after speaking to the victim's parents. Although we do not discourage convening authorities from speaking to parties with an interest in a court-martial, those authorities should not become so involved that they are disqualified from performing their function. It is the staff judge advocate's duty to advise the convening authority in order to prevent disqualification.

Second, litigation in this case could have been avoided had the staff judge advocate at Fort Polk followed accepted Army practice in pretrial procedures. Normally, in the transfer of a case to a superior convening authority, a letter of transmittal is used setting forth the reasons for the transfer. A review of the entire record in this case fails to reveal any transmittal. In addition, a convening order issued by the convening authority at Fort Hood would probably have made the military judge's inquiry into this matter unnecessary.[1] *See* R.C.M. 504(a); *see also* Army Reg. 27–10, Legal Services: Military Justice, para. 12–2 (22 Dec. 1989).

Third, it is noted that several promulgating orders were published in this case. The first is mistitled "Special Court–Martial Order." The second compounds the problem by calling the proceeding a special court-martial in the first paragraph. Another purports to withdraw the first action twenty-seven days after the first order was published, in contravention of R.C.M. 1107(f)(2) which precludes withdrawal of an action after publication of the order or notification of an accused unless directed by higher authority.[2] In all, seven promulgating orders were issued in this case. Emphasis by staff judge advocates on attention to detail by all those involved in the processing of courts-martial will preclude these problems.

---

1. This is not the first case in which this Court has commented on this subject. In another case from this jurisdiction, another panel of this Court noted, "There is no place in the administration of military justice for the sloppy work we find in this case.... More attention to this type of work product is obviously needed."

*United States v. Foard,* ACMR 9201011, slip op. at 3 (A.C.M.R. 17 Aug. 1992) (unpub.).

2. In this case no corrective action will be required because the convening authority did not modify his original action. Both actions approved the sentence.

The record of trial is returned to The Judge Advocate General for such action as is required to conduct a limited hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A.1967). At the hearing, the military judge will receive all available evidence bearing on the issue of whether the court members who sat on appellant's case were personally selected by the convening authority in accordance with UCMJ art. 25(d)(2). The military judge will permit the presentation of witnesses and evidence, issue orders and rulings as are appropriate, and enter findings of fact and conclusions of law with respect to the issue. If he finds that the members were properly selected by the convening authority, the Commander of Fort Hood, the record with an authenticated verbatim transcript of the hearing will be returned to The Judge Advocate General for further review by this Court. If he finds that the court members were not properly selected and the court was not properly convened, he will set aside the findings of guilty and the sentence and return the case to the convening authority. In the latter event, an "other" trial is authorized. *See* R.C.M. 1107(e)(2).

Judge ARKOW and Judge WALCZAK concur.