UNITED STATES, Appellee,

v.

Specialist Michael W. THOMPSON,
437–17–2614, United States
Army, Appellant.

ACMR 9201499.

U.S. Army Court of Military Review.

10 May 1993.

For Appellant: Colonel Malcolm H. Squires, Jr., JAGC, Captain Robert L. Carey, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC, Captain Richard O.I. Brown, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

DE GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a special court-martial. Pursuant to his pleas, he was found guilty of failure to obey an order, drunken driving, and incapacitation for duties through the prior wrongful use of intoxicating liquor, in violation of Articles 92, 111, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 911, and 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-con-

duct discharge, confinement for two months, and reduction to Private E1. The sentence was within the limitations of a pretrial agreement, and the convening authority approved it.

Only one of appellant's asserted errors merits discussion. He asserts that the court-martial lacked jurisdiction because it was improperly convened. We disagree and affirm.

■ Prior to 17 June 1992, the general court-martial convening authority, Lieutenant General (LTG) Cavezza, selected court members pursuant to Article 25, UCMJ, for cases to be tried on or after 17 June 1992. On 17 June 1992 an acting commander, Brigadier General (BG) Kwieciak, assumed command during the absence of LTG Cavezza and became the general court-martial convening authority until 20 June 1992. On 19 June 1992, BG Kwieciak referred appellant's case for trial by the special court-martial convened by Court–Martial Convening Order Number 26. That order is dated 18 June 1992, the day after BG Kwieciak assumed command, but is signed by the authority of LTG Cavezza, who was absent from command on that date. The court members listed on the order were those properly selected by LTG Cavezza while he was in command.

Appellant asserts that LTG Cavezza did not have authority to select the court members, was not in command on the date of the order, and could not convene the court. Thus, he contends that the court-martial lacked jurisdiction to try him. We believe that appellant's analysis is flawed.

■ We first note that a "court-martial is a creature of statute, and, as a body or tribunal, it must be convened ... in entire conformity with the provisions of the statute, or else is without jurisdiction." *McClaughry v. Deming*, 186 U.S. 49, 62, 22 S.Ct. 786, 791, 46 L.Ed. 1049 (1902). A court-martial has jurisdiction when convened by an official empowered to convene it, is composed in accordance with rules relating to the number and qualifications of its personnel, each charge is referred to it by competent authority, the accused is subject to the UCMJ, and the offense is sub-ject to court-martial jurisdiction. Manual for Courts–Martial, United States, 1984, Rule for Courts--Martial 201(b)(1)–(5) [hereinafter R.C.M.]; *United States v. Gaspard*, 35 M.J. 678, 680 (A.C.M.R.1992); *see United States v. Blaylock*, 15 M.J. 190, 192 (C.M.A.1983). Referral is the order of the convening authority which refers charges to a specific court-martial. *Gaspard*, 35 M.J. at 680; *United States v. Choy*, 33 M.J. 1080, 1082 n. 1 (A.C.M.R.1992). A court-martial is created by a convening order. R.C.M. 504; *United States v. Stafford*, 25 M.J. 609, 610 (A.C.M.R.1987). No court-martial exists if there is a fundamental defect in the convening order. *United States v. Ryan*, 5 M.J. 97, 101 (C.M.A. 1978). Even when trial is by judge alone, jurisdiction does not survive a fundamental defect in the order convening the court. *Id.* Administrative defects in the referral process, however, do not deprive the court-martial of jurisdiction. *United States v. Stinson*, 34 M.J. 233 (C.M.A.1992); *United States v. Gebhart*, 34 M.J. 189 (C.M.A. 1992); *Gaspard*, 35 M.J. at 681. A convening authority may refer charges to a court-martial convened by his predecessor. *United States v. Bianchi*, 25 M.J. 557 (A.C.M.R.1987); *Stafford*, 25 M.J. at 610.

In the case before us, appellant has not questioned whether the court members were properly selected by LTG Cavezza. LTG Cavezza was BG Kwieciak's predecessor in command. BG Kwieciak could properly refer the charges and specifications in appellant's case to a court with members selected by his predecessor. In fact, he could refer the charges and specifications to an order signed under the authority of his predecessor, especially where he is the acting commander during a short absence of the commander. We find the error in dating the convening order was merely an administrative error. We find no fundamental error in the convening order. We hold that the court-martial had jurisdiction to try appellant.

The remaining assertions of error, to include the error personally raised by appellant pursuant to *United States v. Groste-*

*fon,* 12 M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.